MONTGOMERY, Judge:
 

 The plaintiff, Mellon Bank, N.A., instituted this action against defendant-appellant Josephine K. Fabinyi, claiming that the defendant was liable for payments to Mellon as a result of her alleged defaults under a motor vehicle lease agreement. Subsequently, after a number of pleadings were filed, which shall be described more fully below, the defendant filed a complaint against appellee Geza T. Fabinyi, to join him as an additional defendant in the case. Thereafter, Geza Fabinyi filed preliminary objections, which resulted in a trial court order dismissing the defendant’s complaint against additional defendant. The instant appeal followed.
 

 It is appropriate to review the detailed procedural history of this case in the trial court. On June 22, 1992, plaintiff Mellon Bank filed a complaint against defendant Josephine K. Fabinyi, which sought damages based upon her alleged default on an automobile lease agreement, which had been assigned to Mellon by an automobile dealer. Mellon claimed that the defendant owed the amount of $12,222.97, plus legal fees and costs, as a result of her breach of contract. The defendant filed preliminary objections which challenged several aspects of the complaint. Without any ruling by the court on the preliminary objections, Mellon filed an amended complaint, adding some allegations which were not included in the original complaint. Defendant Josephine K. Fabinyi then filed preliminary objections to the amended complaint.
 

 On August 13, 1992, eight days after the filing of her preliminary objections to Mellon. Bank’s amended complaint, defendant Josephine K. Fabinyi filed a complaint against additional defendant Dr. Geza T. Fabinyi a/k/a G.T. Fabinyi, to whom she had been married. In this complaint against additional defendant, she attached and made reference to both the complaint and amended complaint which had been filed by Mellon Bank against her, as well as the exhibits to those pleadings, including the purported motor vehicle lease agree
 
 *563
 
 ment on which Mellon based its claims. She also attached copies of the preliminary objections she had filed as to both the original and the amended complaint. She then alleged, in three separate counts, her claims against the proposed additional defendant. In the first count, she asserted that by the terms of the motor vehicle lease agreement, Geza Fabinyi was jointly and severally liable with her to the plaintiff, on the plaintiffs cause of action. In her second count, she declared that at the time that the motor vehicle lease agreement was entered into, she and Geza Fabinyi were husband and wife, and that they had agreed that she was entitled to use the vehicle leased under the agreement, as a necessity of life. She claimed that Geza Fabinyi agreed to pay all costs of the rental and/or ownership of the said vehicle, as well as the costs of repair and maintenance thereof. Accordingly, in the second count, the defendant maintained that if she was liable to the plaintiff, additional defendant Geza Fabinyi was liable over to her. In the third count, she alleged that prior to entering the lease agreement, she and Geza Fabinyi had a 1988 motor vehicle which Geza Fabinyi had agreed was for her use, with the understanding that he would pay the costs of same. Further, she averred that Geza Fabinyi had negligently damaged the 1988 motor vehicle in January 1989, and had retained all rights to recover damages for the loss and damage to the vehicle. She contended that by reason thereof, Geza Fabinyi was, in effect, the lessor of the 1989 vehicle on which this action is based. She also claimed that her husband had directed her to secure the use of the 1989 vehicle solely for her use, at his cost and expense. Finally, she maintained that either Mellon Bank or Geza Fabinyi had made a recovery of an unknown sum of money from an insurer of the 1988 motor vehicle, but failed to advise her of the recovery and failed to account for that recovery and protect her rights in connection with the cause of action pleaded in the instant case by Mellon Bank. She claimed that all of these purported circumstances made it appropriate that Geza Fabinyi be held liable alone to Mellon, if it was entitled to any judgment in the action. Although it was not in a separate count, a final paragraph of the complaint to join additional defendant asserted a demand
 
 *564
 
 that Geza Fabinyi account to the defendant for any recovery of any consideration or benefit which resulted from the loss or damage to the 1988 motor vehicle.
 

 On August 14, 1992, the day after defendant filed her complaint against additional defendant, Mellon Bank filed a second amended complaint. It again named Josephine K. Fabinyi as the only defendant, repeated everything which had been alleged in the original and first amended complaints, and added additional allegations regarding its claim against the defendant. In the second amended complaint, Mellon increased its demand, seeking a recovery in the amount of $18,212.36, plus interest and costs.
 

 On August 21, 1992, defendant filed an answer to plaintifPs second amended complaint, together with a counterclaim. The allegations in the counterclaim are not pertinent to the issues raised on the instant appeal. The answer denied almost all material allegations in the second amended complaint. Of note, however, is that in response to the third count of the second amended complaint, defendant admitted that she signed the name of Geza Fabinyi on the motor vehicle lease agreement, but averred that she did so with his prior knowledge, consent and ratification, as well as with the knowledge of the automobile dealer. She also asserted defenses based upon the matters raised in her complaint against the additional defendant.
 

 On September 8, 1992, additional defendant Geza Fabinyi filed preliminary objections. First, he asserted a demurrer to the first count of the defendant’s complaint against him. He declared that the terms of the motor vehicle lease agreement did not, in and of themselves, make out any cause of action against him, and on that basis, asked that the first count be dismissed. A second demurrer in his preliminary objections stated that the particular luxury motor vehicle involved in this litigation was not a necessity of life under any circumstances, and that his wife had forged his signature and therefore had no action against him. On such grounds, he again requested that Mrs. Fabinyi’s complaint against him be dismissed. Finally, his preliminary objections asserted that allegations in
 
 *565
 
 the third count of the complaint against additional defendant, concerning a previous vehicle being wrecked, were scandalous and impertinent, and should be stricken. He maintained that if such allegations were stricken, count three of the complaint against him should be dismissed.
 

 On the same date, September 8, 1992, additional defendant Geza Fabinyi filed a counterclaim against defendant Josephine Fabinyi. In that pleading, he claimed that she filed the action knowing that he had never signed the lease agreement, nor authorized her to do so, so that her efforts to join him in the case as an additional defendant were arbitrary, vexatious, and in bad faith. On that basis, he sought an award of counsel fees against Josephine Fabinyi. It is noteworthy that he did not file any answer, to accompany this counterclaim.
 

 On September 11,1992, the defendant filed an answer to the preliminary objections which Geza Fabinyi had filed in opposition to her complaint against additional defendant. As to the first preliminary objection, she responded that the motor vehicle lease agreement contained the signature of the additional defendant, which made him jointly and severally liable to the plaintiff. As to the second preliminary objection, she raised the contention that it was a speaking demurrer, which could not be substituted for facts pleaded in a responsive pleading. Finally, in opposition to the third part of Geza Fabinyi’s preliminary objections, she raised allegations concerning the value of the 1988 vehicle and credits which should have been given her relating to it.
 

 The defendant also filed an answer to the additional defendant’s counterclaim, and Mellon Bank filed an answer to the defendant’s counterclaim, with new matter. Mrs. Fabinyi subsequently filed an answer to the bank’s new matter.
 

 On October 14, 1992, additional defendant Geza T. Fabinyi filed an affidavit, in which he stated that he did not sign the motor vehicle lease agreement for the 1989 vehicle, and that he had not authorized his wife, Josephine K. Fabinyi, to sign the agreement for him or to act on his behalf.
 

 
 *566
 
 Faced with this complex group of pleadings, the trial court ruled on Geza Fabinyi’s preliminary objections to the complaint to join him as an additional defendant in the case. In an opinion and order it prepared, the trial court first reviewed all of the relevant pleadings, and then discussed several legal precedents applicable to the consideration of preliminary objections in the nature of a demurrer. The court next noted that Geza Fabinyi had asserted an argument that the purported agreement to provide a 1989 vehicle to his wife, to replace the wrecked 1988 vehicle, was in the nature of a suretyship, and that liability could not be imposed against him because such an agreement had to be in writing under the Statute of Frauds, Act of April 26, 1855, P.L. 308, § 1, 33 P.S. § 3. The court ruled that the Statute of Frauds provided a basis, standing alone, to dismiss the defendant’s complaint against additional defendant. The court explained that because Geza Fabinyi did not gain any benefit from the motor vehicle lease, his relationship to the transaction would have been as a surety. While the court observed that the defendant had alleged that there was an alleged verbal agreement with Dr. Fabinyi, and that he had given her authority to sign the contract on his behalf, the court ruled such an oral agreement between the two could not defeat the Statute of Frauds.
 

 The court further declared that even if it found that the complaint against additional defendant was not barred by the Statute of Frauds, the second and third counts of the complaint against additional defendant would be subject to dismissal on other grounds. In that regard, the court held that the luxury automobile which was the subject of the lease would not have been a necessity of life which the additional defendant would have been required to provide to his wife. As to the third count of the complaint against additional defendant, the court noted, in summary fashion, that the Statute of Frauds and lack of necessity would bar the entire complaint. Finally, the court stated that issues concerning the negligence of Geza Fabinyi in causing damage to the 1988 vehicle, and any insurance proceeds derived therefrom, were possible defenses to the proof of damages which might be
 
 *567
 
 offered by the plaintiff bank, but did not support the defendant’s complaint to join additional defendant.
 

 Based on this complex record from the trial court, we must address the contentions raised by the defendant-appellant. Unfortunately, the brief filed on behalf of the defendant on this appeal is poorly organized, and, in several regards, confusing. A great many points are raised in support of the argument that the trial court erred in sustaining the preliminary objections filed by additional defendant-appellee Geza T. Fabinyi. Rather than recite the full scope of the contentions raised by the appellant, it is appropriate to focus on those few we deem meaningful in our disposition of the instant appeal. Further, in doing so, we note that because the trial court order in question was entered prior to March 1, 1994, amended Pa.R.A.P. 341 does not apply to our consideration of the issues presented.
 

 The defendant challenges the trial court’s conclusion that a suretyship relationship existed with regard to her claims that her husband was liable on the lease. She maintains that the rules applicable to the review of preliminary objections mandated that the trial court only consider the pleadings, and that the affidavit filed by her husband was a nullity at this stage of the proceedings.
 

 The analysis of such contentions requires observance of several rules applicable in a court’s consideration of preliminary objections. It is well-established that in the review of preliminary objections, the facts that are well-pleaded, material, and relevant will be considered as true, together with such reasonable inferences as may be drawn from such facts.
 
 Santiago v. Pennsylvania National Mutual Casualty Insurance Co.,
 
 418 Pa.Super. 178, 183, 613 A.2d 1235, 1238 (1992). In some contexts, when issues of fact are raised by preliminary objections, the trial court may receive evidence by depositions or otherwise. Pa.R.Civ.P. 1028, 42 Pa.C.S.A.;
 
 Slota v. The Moorings, Ltd.,
 
 343 Pa.Super. 96, 494 A.2d 1 (1985). However, preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of
 
 *568
 
 the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by a demurrer.
 
 International Union of Operating Engineers, Local No. 66 v. Linesville Construction Company,
 
 457 Pa. 220, 322 A.2d 353 (1974). In order to sustain a demurrer, it is essential that the face of the complaint indicate that its claims may not be sustained and that the law will not permit a recovery.
 
 Gekas v. Shapp,
 
 469 Pa. 1, 364 A.2d 691 (1976). If there is any doubt, it should be resolved by the overruling of the demurrer.
 
 Gekas v. Shapp, Id.
 

 In the instant case, Geza Fabinyi’s preliminary objection to the first count of the additional defendant complaint was a demurrer. Accordingly, the trial court was only free to address the issue of whether that complaint, on its face, failed to assert a cause of action as a matter of law. However, it is clear that the trial court considered factual matters beyond the complaint in finding that the purported lack of any written suretyship agreement justified a dismissal of the defendant’s complaint as a result of the Statute of Frauds. The trial court’s opinion specifically stated that it considered “the surrounding circumstances of the lease agreement” in determining that the Statute of Frauds applied.
 

 We conclude that the trial court erred in considering such matters, which were clearly outside of the face of the defendant’s complaint against additional defendant. Even if the trial court were permitted to consider other evidence, the limited record before the court would not have permitted it to conclude, without doubt, that this case involved a suretyship relationship between Josephine Fabinyi and her spouse, rather than an agreement that they be jointly bound as lessees of the 1989 vehicle.
 
 [1]
 

 See, First Federal Savings and Loan Assn. of Pittston v. Reggie,
 
 376 Pa.Super. 346, 546 A.2d 62 (1988). Further, although the issue has not been addressed by the
 
 *569
 
 trial court or any party, it is conceivable that the lease itself could be argued to be a writing which satisfied the Statute of Frauds, assuming that a fact finder determined that Geza Fabinyi authorized his wife to sign his name to the lease.
 
 [2]
 
 In any event, such matters may only be considered at some later stage of the proceedings, and not in the context of the demurrer Geza Fabinyi offered in opposition to the first count of the complaint defendant instituted against him. Our review of the face of count one convinces us that the granting of the demurrer was not proper. The complaint merely stated that by reason of the terms of the lease agreement, which included Geza Fabinyi’s purported signature, the proposed additional defendant was jointly and severally liable with the defendant on the lease. A claim is obviously pleaded in that count, and the demurrer should have been rejected.
 

 Although the trial court found that the absence of a written suretyship agreement justified the dismissal of all counts of the complaint against additional defendant, it also offered separate grounds for dismissing the second count of the complaint, in which the defendant claimed that her husband agreed to pay all costs of the vehicle because it was a necessity of life for her. The court rejected this contention, ruling that it could not find this vehicle to be such a necessity. In doing so, the trial court noted that Dr. and Mrs. Fabinyi had been involved in protracted litigation involving their marital difficulties, and that another judge of the same court had ordered the defendant to get rid of the 1989 vehicle to resolve the outstanding monthly financial obligation it created. Thus, the trial court found that the other judge had not deemed the vehicle to be a necessity.
 

 In our view, the additional ground cited by the trial court did not, at this stage of proceedings, justify the dismissal of count two of the complaint against additional defendant. Mrs. Fabinyi averred that she and her husband agreed that the vehicle was to be used by her, as a necessity, and that he
 
 *570
 
 would pay all costs associated with it. Setting aside the suretyship issues which may be resolved at later proceedings in this case, the mere conclusion that the vehicle was not a necessity, even if valid, does not resolve the factual issue of whether Dr. Fabinyi entered into an enforceable promise to his wife to pay for the costs of the vehicle. That factual issue could not be resolved on preliminary objections, in light of the absence of any meaningful factual record in the case. While further proceedings in this litigation may well justify the dismissal of that claim, the current record does not support such a resolution in the context of the preliminary objections.
 

 Finally, we address the trial court’s dismissal of the third count of defendant’s complaint. In his preliminary objections, Geza Fabinyi asked that the third count be stricken on the basis that it contained scandalous and impertinent matter. Instead of addressing that issue, the trial court ordered the third count to be dismissed based upon the Statute of Frauds requirements, the determination that the vehicle was not a necessity, and because the defendant wife was not a statutorily protected creditor.
 

 We have already discussed the Statute of Frauds and necessities issues. The record, as it exists, does not permit us to rule on any issue regarding the defendant’s creditor status in the case. The allegations in the third count of the complaint against additional defendant are quite confusing, and a court could conclude that this count includes only scandalous and impertinent matter which fails to state a cognizable ground for relief. However, it is inappropriate that our court resolve that issue for the first time on appeal, especially in light of the failure by any party to adequately address it in the arguments presented on this appeal. Instead, we deem it appropriate that the trial court, after remand, further consider the specific argument raised by Dr. Fabinyi in his preliminary objection to the third count of the additional defendant complaint Mrs. Fabinyi filed in this case.
 

 The order of the trial court dismissing the complaint against additional defendant is reversed and vacated. This case is
 
 *571
 
 remanded to the trial court for further proceedings consistent with this opinion. Jurisdiction is relinquished.
 

 [1]
 

 . In that regard, it is noteworthy that while Geza Fabinyi filed an affidavit stating that he never authorized his wife to sign his name to the lease, she filed an answer to Mellon Bank’s second amended complaint in which she averred that she signed her husband’s name on the lease with his knowledge, consent and ratification.
 

 [2]
 

 . The Statute of Frauds requires such a writing to be signed “by the party to be charged therewith or some other person by him authorized." 33 P.S. § 3.