## Keibler v. Cramer

C.P. of Westmoreland County, no. 3083 of 1997.

*Richard H. Galloway,* for plaintiffs.
*Peter B. Skeel,* for defendant Matvest/Bermex.
*John J. Myers,* for defendant The Peoples Natural Gas Company.
*Walter Bunt,* for defendant.
*John Cramer,* pro se.

LOUGHRAN, *P.J.,* May 26, 1998—The plaintiffs, Lisa Lynn Keibler and Charles Keibler, are husband and wife, and the parents of the minor plaintiffs, Kara Keibler, Kiley Keibler and Chase Keibler. All of the plaintiffs reside in Penn Township, Westmoreland County, Pennsylvania. The defendant, The Peoples Natural Gas Company, is a corporation and a Pennsylvania public utility. The defendant, Matvest Inc., is a Michigan corporation qualified to do business in Pennsylvania, which trades and does business as Bermex Inc. The defendant, John Cramer, is an individual who is presently imprisoned in a Pennsylvania state prison.

Peoples is engaged in the business of providing natural gas service to the general public, including residential customers, that generally are billed for natural gas service based upon readings of meters. The meters for measuring the amount of natural gas used by a customer are located in or around the customers' premises. On September 7, 1995, Peoples and Bermex entered into an agreement under the terms of which Bermex would conduct meter reading services on Peoples' meters.

On March 19, 1996, at approximately 1 p.m., John Cramer, who was employed by Bermex to read gas meters, was doing so in the general vicinity of the

plaintiffs' home. While so employed on March 19, 1996, Cramer was wearing a uniform that displayed the name "Bermex" in several places and additionally displayed a patch that said, "Peoples Gas Meter Reading." Cramer was, at the time, operating a vehicle which displayed a placard stating "Peoples Gas Meter Reading" and was carrying an identification badge and other indicia of authority issued to him by Peoples.

At approximately 1 p.m., the wife-plaintiff, Lisa Keibler, and the minor plaintiff, Chase Keibler, returned to their home. Cramer walked onto the property of the plaintiffs and inquired of Lisa Keibler as to the location of her gas meter, which location she pointed out to Cramer. Lisa Keibler was not concerned about the presence of Cramer on her property or that of her neighbors because he was driving a vehicle and wearing a uniform, both of which proclaimed him to be a meter reader for Peoples and was carrying a computer such as she had seen Peoples' meter readers carry on past occasions.

After showing Cramer the location of the meter on the property of the plaintiffs, Lisa Keibler placed her 5-year-old son, Chase Keibler, in his bed for a nap, and after attending to some chores in her home, retired to her second floor bedroom to sleep. After she had been sleeping, Lisa Keibler was awakened by a noise and turned to find that Cramer was in her second floor bedroom. Upon being requested to state his reason for being in her home, and in her bedroom, Cramer stated that he needed directions to the property of another residential customer of Peoples, specifically that belonging to one Anderson.

After being directed by Lisa Keibler that he was to return downstairs and outside her home and that he was scaring her by his presence in her second floor bedroom, Cramer grabbed Lisa Keibler and began to physically assault her. His assault began by grabbing

her by the hands, arms and neck, cutting off her breath by use of his hand on her neck and by the use of his hand over both her mouth and nose simultaneously. Subsequent thereto, Cramer engaged in a physical and sexual assault on Lisa Keibler which included rape on two occasions, involuntary deviate sexual intercourse, and indecent assault. While Cramer was on the second floor of the plaintiffs' home, the minor plaintiff, Chase Keibler, came to the door of the bedroom and was frightened by the presence of Cramer. Subsequent thereto, Cramer exited the premises and fled, but was arrested shortly thereafter while in the vehicle marked "Peoples Gas Meter Reading" and wearing the uniform as heretofore set forth.

On the same day, representatives of the Police Department of Penn Township charged Cramer with rape, involuntary deviate sexual intercourse, indecent assault, burglary and related crimes arising out of his attack on Lisa Keibler. In the Court of Common Pleas of Westmoreland County, Pennsylvania, Cramer pled guilty to, inter alia, rape, involuntary deviate sexual intercourse and burglary, and was sentenced to a term of not less than 10 nor more than 20 years imprisonment.

A background check performed by Bermex on Cramer on March 20, 1996, the day after he had been arrested on March 19, 1996, for the attack on Lisa Keibler, revealed *several arrests and convictions involving arson, risking a catastrophe, criminal mischief, burglary, theft, and receiving stolen property.* Although Cramer had signed a form authorizing Bermex to perform a criminal background check on him, *Bermex did not perform a criminal or any other background check on him until March 20, 1996, the day after the attack* for which this cause of action is brought. In fact, Cramer had additional convictions for involuntary deviate sex-

ual intercourse, indecent assault and various other crimes which would have become known to Bermex if a reasonable background check had been performed. Also, at the time of his hiring by Bermex, and on March 19, 1996, Cramer was on parole. At the time of his rehire in February 1996, (he was laid off from December 1995 till February 1996), Cramer was still on parole and had within the preceding 30 days been arrested again for felony charges, this time for manufacture and possession of marijuana and maintaining of paraphernalia related thereto in his apartment. (He later pled guilty to these charges as well.)

The plaintiffs filed actions against Cramer, Peoples and Bermex, seeking compensatory and punitive damages against each. Bermex filed preliminary objections to the complaint, contending that plaintiffs have not set forth a cause of action against Bermex as the employer, that Bermex as the employer cannot be held liable under respondeat superior as the employee's acts were intentional. Bermex further argues that a punitive damages claim against Bermex is unfounded and that certain paragraphs of plaintiffs' complaint should be stricken as containing scandalous and impertinent matters.

In reviewing Bermex's preliminary objections, it becomes exceedingly clear that Bermex is arguing evidence. Under Pennsylvania law, the court may not make any evidentiary determinations in considering preliminary objections. On the contrary, when considering preliminary objections in the nature of a demurrer, the court must accept as true all well-pleaded material facts set forth in the complaint, as well as inferences reasonably deducted therefrom. *Mellon Bank N.A. v. Fabinyi*, 437 Pa. Super. 559, 650 A.2d 895 (1994).

Preliminary objections should only be sustained in cases that are free and clear from doubt. *Bower v. Bower,*

531 Pa. 54, 57, 611 A.2d 181, 182 (1992). A court must overrule objections in the nature of a demurrer if the complaint pleads sufficient facts which, if believed, would entitle the petitioner to relief under any possible theory of law. *Wilkinsburg Police Officers Association by and through Harder v. Commonwealth,* 535 Pa. 425, 431, 636 A.2d 134, 137 (1993).

In this case, the plaintiffs' complaint more than adequately pleads sufficient facts which, if believed, establish directly, and by reasonable deduction therefrom, that Bermex is responsible to the plaintiffs on a theory of negligent hiring and retention. Generally, the plaintiffs' complaint asserts that Bermex had a duty to perform a reasonable background check on employees hired to read gas meters for Peoples, because it was the type of job where a person with violent propensities could cause harm to innocent third persons (see plaintiffs' complaint, paragraphs 14-18); that Bermex breached this duty by not doing any background check of Cramer before the attack on plaintiff Lisa Keibler (see plaintiffs' complaint, paragraphs 19, 24, 28, 29, 30, 31, 32, 46 and 50); and that Bermex would have known of Cramer's dangerous, violent and criminal propensities before hiring him, had an adequate background check been performed (see plaintiffs' complaint, paragraphs 22, 23, 25, 34, 35, 49).

Specifically, the plaintiffs' complaint pleads that Bermex caused the injuries and damages to the plaintiffs in the following ways:

(1) In hiring Cramer to perform meter reading functions after agreeing to perform background and criminal checks on Cramer and in thereafter failing to do so before hiring him and retaining him, and rehiring and retaining him up to March 19, 1996. (See plaintiffs' complaint, paragraph 68B[1].);

(2) In failing to discover or take reasonable steps to discover before hiring Cramer that he had an extensive and serious criminal background. (See plaintiffs' complaint, paragraph 68B[2].);

(3) In failing to discover or take reasonable steps to discover that Cramer was on parole and/or probation when hired and that between periods of employment by Bermex he had been arrested for still more felony violations before being rehired. (See plaintiffs' complaint, paragraph 68B[2].);

(4) In providing Cramer various articles of clothing and other forms of identification that it knew, or in the exercise of reasonable care, should have known, would cause him to be admitted onto and into the premises of gas customers of Peoples for the purpose of reading meters, without first ascertaining that he was qualified to do so by reason of background, temperament and lack of criminal or violent propensities. (See plaintiffs' complaint, paragraph 68B[3].);

(5) In hiring Cramer to read meters for Peoples when it knew or should have known that he was a person of known dangerous, violent and criminal background and propensities. (See plaintiffs' complaint, paragraph 68B[4].);

(6) In failing to properly supervise the hiring of Cramer by human resources or supervisory personnel of appropriate background, training, education and judgment. (See plaintiffs' complaint, paragraph 68B[5].);

(7) In deliberately violating the terms of its agreement with Peoples that it would conduct criminal and other background checks on persons employed to read meters for Peoples. (See plaintiffs' complaint, paragraph 68B[6].);

(8) In being aware that the reading of meters for residential gas customers created danger and risk to said customers if the persons it employed were persons

of criminal, dangerous, or violent propensities, and in thereafter hiring Cramer without making any criminal or background check of any kind. (See plaintiffs' complaint, paragraph 68B[7].);

(9) In recklessly employing Cramer to read meters for Peoples when Cramer was unfit and created a substantial risk of harm to residential customers of Peoples. (See plaintiffs' complaint, paragraph 68B[8].);

(10) In acting with a reckless disregard for the safety of the plaintiffs and other residential gas customers of Peoples by hiring and retaining Cramer and failing to conduct criminal, background and prior employment checks on Cramer. (See plaintiffs' complaint, paragraph 68B[9].)

In the opinion of this court, plaintiffs' complaint, along with the inferences that must be made in favor of the plaintiff, certainly sets forth a theory of negligent hiring, requiring this court to dismiss Bermex's first objections.

As to the second objection pertaining to respondeat superior, that too must be denied. The complaint establishes that the encounter grew out of business-related circumstances. When the dispute arose between the wife-plaintiff and Cramer, Cramer was then and there on the employer's business. This creates a sufficient question of fact, to deny Bermex's preliminary objections.

The objection as to plaintiffs' punitive damages is totally unfounded. Plaintiffs have set in their complaint sufficient allegations to show that Cramer's actions were outrageous and that Cramer was unfit to perform his duties, which the employer (Bermex) should have known had it not acted in the reckless manner of sending Cramer to the homes of others, before completing the

background checks. Accordingly, those objections are denied.

Remaining are the preliminary objections to paragraphs 22, 23, 25, 26, 27, 32, 43 and 50 of plaintiffs' complaint on the basis that they contain scandalous or impertinent matters. A review of the foregoing paragraphs however, reveals that they set forth sufficiently, fairly and properly the factual basis required of plaintiffs to establish their causes of action and are not impertinent or scandalous.

Accordingly, this last objection will also be denied.

### ORDER

And now, to wit, May 26, 1998, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the preliminary objections of the defendant, Matvest Inc. t/d/b/a Bermex Inc., are hereby denied, and defendant is ordered to respond to plaintiffs' complaint within 20 days of the date hereof.