## Hladinec v. Nationwide Insurance Co.

572

C.P of Fayette County, no. 1778 of 1999, G.D.

*Mark Rowan,* for plantiff.
*Robert Grimm,* for defendant.

SOLOMON, *J.,* February 8, 2000—This matter concerns the preliminary objections of the defendant, Nationwide Insurance Company, in the nature of a motion to strike from the complaint the plaintiff's claim seeking to recover bad faith damages, and challenging an arbitration board's jurisdiction to hear the bad faith claim.

## BACKGROUND

This action arises out of an automobile accident which occurred on December 15, 1996, wherein the plaintiff, Cheryl A. Hladinec, allegedly sustained personal injuries. She subsequently sought medical treatment from

the Hopwood Chiropractic Clinic. When the defendant, who provided motor vehicle insurance to the plaintiff, denied payment to the clinic for the chiropractic treatment based upon a peer review performed by Solomon Associates Inc., suit was instituted.

The plaintiff has asserted a breach of contract action and demands damages pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, seeking the payment of chiropractic bills, interest and attorney's fees. The plaintiff also alleges a cause of action for bad faith and seeks damages based on the defendant's utilization of a peer review organization in bad faith pursuant to 42 Pa.C.S. §8371.

The defendant contends that the plaintiff is not entitled to seek, or recover, bad faith damages under the statute because the Pennsylvania Motor Vehicle Financial Responsibility Law provides that the exclusive remedy for the denial of first party benefits is based upon the peer review process. The defendant also maintains that the plaintiff's claims cannot be heard by a board of arbitrators.

## DISCUSSION

In reviewing a preliminary objection, this court must consider as true facts that are well pled, material and relevant, together with such reasonable inferences as may be drawn from such facts. *Mellon Bank N.A. v. Fabinyi,* 437 Pa. Super. 559, 650 A.2d 895 (1994). It is the defendant's burden to demonstrate with certainty that the law will not permit recovery based on the facts averred in the complaint. *Kyle v. McNamara and Criste,* 506 Pa. 631, 487 A.2d 814 (1985). If there is any doubt, it should

be resolved by overruling the preliminary objection. *Mellon Bank,* 437 Pa. Super. at 560, 650 A.2d at 896. With these standards in mind, we will now consider the defendant's preliminary objections.

The plaintiff is seeking damages for bad faith pursuant to 42 Pa.C.S. §8371. The defendant contends that it could not have acted with bad faith toward the plaintiff because it specifically followed the provisions detailed in the Pennsylvania Motor Vehicle Financial Responsibility Law by utilizing the peer review process in examining the claim. However, the plaintiff has taken the position that the defendant acted in bad faith by choosing a peer review organization that it knew would provide a negative report.

The relevant sections of the MVFRL do not address an abuse of the peer review process; therefore, a claim made under 42 Pa.C.S. §8371 would be appropriate in assessing whether the defendant acted in bad faith by choosing a peer review organization that had previously provided negative reviews. While no precedential authority exists from our higher courts to support this reasoning, several lower courts have made rulings which agree with this position.

The Court of Common Pleas of Mercer County stated that the MVFRL and section 8371 are not irreconcilable if some misconduct is alleged. *Murphy v. Progressive Insurance Company,* 27 Mercer L.J. 373, 377 (1996). Where misconduct is alleged, the insured can bring a bad faith claim. *Id.* at 378. In order to maintain a claim

under both section 8371 and the MVFRL, the insured must allege some misconduct on the part of the insurance company. *Signor v. United States Fidelity Guaranty Company*, 115 Dauphin Rep. 279, 283 (1995). Similarly, "the mere act of submitting the claims to a [peer review organization] does not negate the possibility of bad faith on the part of the insurer." *Milton S. Hershey Medical Center v. State Farm Insurance Company*, 21 D.&C.4th 62, 71 (1992).

From the reasoning in these decisions, bad faith claims under section 8371 have been permitted to go forward even though the insurer had submitted the claims to a peer review organization. The only condition imposed is that there must be an allegation of misconduct or abuse of the peer review process on the part of the insurer. Although we are not bound to follow any of the above cited decisions, we are persuaded to accept the sound reasoning contained therein, and to permit this bad faith claim to go forward, especially at this stage in the proceedings. The only pleading thus far is the complaint of the plaintiff, and it contains allegations that the defendant acted in bad faith by improperly selecting a peer review organization. Giving the plaintiff the benefit of any doubt, we must deny the preliminary objection of the defendant seeking to strike the bad faith claim of the plaintiff from the complaint.

The only other issue we must consider is whether 42 Pa.C.S. §8371 precludes an arbitration board from considering bad faith claims. The defendant's argument is

based on the language contained in section 8371, which refers only to a "court" making findings and a "court" taking action. In support of this, the defendant has relied on the holding that only a judge, and not a jury, may assess bad faith conduct. *Younis Brothers and Company Inc. v. CIGNA Worldwide Insurance Company*, 882 F. Supp. 1468 (E.D. Pa. 1994). However, *Younis* does not address the specific issue before the court of whether a board of arbitrators may decide a bad faith claim.

It has long been settled that arbitrators can rule on both issues of fact and law. *Shannon v. Pennsylvania Electric Co.*, 364 Pa. 379, 72 A.2d 564 (1950). Moreover, no authority exists to indicate to this court that the legislature intended to specifically preclude arbitrators from deciding section 8371 bad faith claims. Once again, we must turn to a non-controlling authority for an example on this issue. The Allegheny County Court of Common Pleas held that arbitrators could decide section 8371 bad faith claims as long as the damage claims did not exceed the jurisdictional limits for compulsory arbitration. *Oliver v. Allstate Insurance Company*, 142 P.L.J. 118 (1994). We concur with the *Oliver* court, and find that a board of arbitrators does have jurisdiction to hear bad faith claims brought under 42 Pa.C.S. §8371. Therefore, this preliminary objection must also be denied.

Wherefore, we will enter the following order.

## ORDER

And now, February 8, 2000, it is hereby ordered and decreed that the preliminary objections of the defendant to the complaint of the plaintiff are denied.