## Gulf Industries/Signtronix v. Lopez

*Anthony R. Burgess,* for plaintiff.
*R. Bruce Manchester,* for defendant.

KISTLER, *J.,* November 16, 2009—Presently before the court is Susan Lopez' motion to strike which was filed with this court on September 9, 2009. On October 30, 2009, Gulf Industries filed a reply to Ms. Lopez' motion to strike asserting that it is not required to register as a foreign corporation with the Pennsylvania Department of State because they fall within an exception to this requirement. A hearing was held on November 2, 2009, with both parties appearing by telephone.

A day before the hearing this court received an email from Mr. Manchester's AOL account entitled, *"Gulf Industries v. Lopez, Defendant's Motion To Strike, Supporting Documentation & Legal Authority."* This email was sent to this court's Centre County email address. There is no indication whether Gulf Industries also received this email. A hard copy of the email was not filed with the Centre County Prothonotary. Attached to this

email were five word documents with legal authority from various sources as well as a "screen capture" of the results of Mr. Manchester's search of the Pennsylvania Department of State's database. At the hearing on this motion, in light of Mr. Manchester's decision to email this court legal authority, this court invited Gulf Industries to also submit any legal authority by email to this court within the next five days. On November 4, 2009, this court received an email from Gulf Industries which included a PDF of 15 Pa.C.S. §4121 and §4122. This email was also sent to Mr. Manchester.

On November 6, 2009, this court received another unsolicited email from Mr. Manchester's AOL account entitled, *"Gulf Industries v. Lopez, no. 2008-5543, plaintiff's supporting documentation."* A copy of this email was sent to Gulf Industries and is reproduced exactly as this court received it with the exclusion of the various fonts and colors used in the email:

"Your honor:

"In my previous transmission I supplied to you proof of Gulf Industries non registration, via the Department of State web site, as required by 15 Pa.C.S. §4121. I move this document into the record as evidence of Gulf's failure to register thereby mandating that their default judgement against defendant be stricken.

"Gulf argues that they are exempt from registration as the 'transactions' were those of a Pennsylvania subcontractor and transacting business in interstate commerce and therefore exempt from registration pursuant to 15 Pa.C.S. §4122(a)(5) and §4122(a)(9).

"Defendant has sustained its factual burden of proof as referenced above.

"Plaintiff has made 'bald allegations' by not submitting any documentation or facts that would allow this court to make the necessary findings of fact supporting their allegations. Further their argument as to independent contractor is irrelevant as Gulf Industries is the plaintiff not the alleged independent contractor. No factual nexus between Gulf Industries and the independent contractor is put forth by plaintiff. Nor are their any facts put forth that would permit non registration because of the Interstate Commerce Clause of the US Constitution Gulf's service contract for the sale and installation of signage at defendant's place of business in Pleasant Gap, PA does not come within the orbit of the Commerce Clause.

"*If the entire business operations of a corporation within the state are within the protection of the Commerce Clause of the federal Constitution, a certificate of authority is not required; entering trade contracts in Pennsylvania is a mere incident and not the performance of a corporate function.[2] This type of contract is to be distinguished from a contract calling for the performance of services in Pennsylvania.[3]*

"*13 Summ. Pa. Jur. 2d Business Relationships s 9:83* [Cites for FN 2 & 3 are contained in the first transmission]

"For the reasons stated in both transmissions, defendant respectfully requests that its motion to strike plaintiff's judgement be granted.

"R. Bruce Manchester, Esquire."

Let this court make this clear in no uncertain terms, unsolicited emails to this court of legal documents, motions, briefs or legal argument is unacceptable behavior by a licensed attorney of this Commonwealth. No court can operate in a casual "chat" environment, as it is properly constrained by rules of procedure, and constitutional mandates. More formalities and notice is required when corresponding with the courts. Mr. Burgess is not the subject of this "lecture" since this court, befuddled by Mr. Manchester's initial email, sought to level the playing field by permitting Mr. Burgess to also email the court any legal authority he might have. There is however no excuse for either of Mr. Manchester's unsolicited emails to this court. In addition to violating a host of Pennsylvania Rules of Civil Procedure and of Evidence; Mr. Manchester attempts to move into evidence, by email, a document which was never even properly before this court to begin with. This court refuses to consider Mr. Manchester's email and motion contained within as it would not only violate basic principles of due process and fairness; it is also inconsistent with the very basic principles of the adversarial process. Therefore the court will decide this motion on the arguments and pleadings properly before this court.

## DISCUSSION

Ms. Lopez' preliminary objection in the form of a motion to strike is predicated on the averment that Gulf Industries is a foreign corporation, not registered with the Pennsylvania Department of State, and therefore is not permitted to institute a suit or obtain judgment for an alleged breach of contract. Gulf Industries has plead-

ed in its reply to defendant's motion to strike that, although it is a foreign corporation, it nevertheless falls within the independent contractor exception and interstate or foreign commerce exception contained in 15 Pa.C.S. §4122(a)(5) and (9) respectively. These exceptions eliminate the requirement that a foreign business register with the Pennsylvania Department of State if met. See 15 Pa.C.S. §4122(a) ("a foreign corporation shall not be considered to be doing business in this Commonwealth for the purposes of this subchapter.").

"It is well-established that in the review of preliminary objections, the facts that are well-pleaded, material, and relevant will be considered as true, together with such reasonable inferences as may be drawn from such facts." *Mellon Bank N.A. v. Fabinyi,* 437 Pa. Super. 559, 567, 650 A.2d 895, 899 (1994) (citing *Santiago v. Pennsylvania National Mutual Casualty Insurance Co.,* 418 Pa. Super. 178, 183, 613 A.2d 1235, 1238 (1992)). Pennsylvania Rule of Civil Procedure 1017(a)(4) provides that the pleadings include any "preliminary objection and response thereto." Therefore, for the purpose of deciding this preliminary objection, the court must accept as true Gulf Industries factual pleading that it qualifies under exceptions (a)(5) and (a)(9) of 15 Pa.C.S. §4122 and is not precluded from proceeding with this action as Ms. Lopez contends. As a result, Ms. Lopez' preliminary objection in the form of a motion to strike is overruled.

## ORDER

And now, November 16, 2009, Ms. Lopez' preliminary objection in the form of a motion to strike is overruled.