# Smith v. VNA/Hospice of Monroe County, Inc.

*David A. Miller*, for plaintiff.
*Fred B. Buck*, for defendant.

WILLIAMSON, *J.*, May 28, 2013—Plaintiff commenced this action by filing a complaint on January 22, 2013. Defendant filed the preliminary objections to plaintiff's complaint that are before this court on March 19, 2013. Oral argument was heard on May 6, 2013. Briefs from both parties have been received and we are now ready to dispose of the preliminary objections.

This matter arises out of the nursing, wound care, and home care provided by the defendant to the decedent, Muriel Smith. Plaintiff asserts a cause of action in the nature of professional liability and wrongful death against defendant which caused the decedent to sustain severe injuries including an infected stage IV sacral pressure ulcer which plaintiff alleges directly led to the decedent's death. Plaintiff's complaint seeks punitive damages for the alleged outrageous, willful, wanton, and reckless conduct.

## PRELIMINARY OBJECTION

In ruling on preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinions." *Penn Title Ins. Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).

Defendant's preliminary objections ask this court to

dismiss plaintiff's claims for punitive damages on the grounds that plaintiff's complaint is legally insufficient to state a claim for punitive damages.

## I. Preliminary Objection: Failure to State a Claim for Punitive Damages

Defendant's preliminary objection is in essence a demurrer. Defendant argues that there are no material facts plead to support a claim of punitive damages. A demurrer may be sustained only if it is clear on the face of the pleading that the law will not provide or permit the recovery sought. *Morgan v. McPhail*, 672 A.2d 1359 (Pa. Super. 1996). If there is any doubt, it should be resolved by overruling the demurrer. *Mellon Bank N.A. v. Fabinyi*, 650 A.2d 895 (Pa. Super. 1994).

The Pennsylvania Supreme Court, in *Tayar v. Camelback Ski Corp., Inc.*, 47 A.3d 1190 (2012), used the Restatement (Second) of Torts definition of "reckless disregard" and its explanation of the distinction between ordinary negligence and recklessness. The Restatement (Second) of Torts defined "reckless disregard" as follows:

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that Which is necessary to make his conduct negligent.

*Id.* at 1200-1201, citing Restatement (Second) of Torts

§500 (1965).

Reviewing plaintiff's complaint as a whole, there are sufficient facts plead to support a claim for punitive damages at this early stage of litigation. Defendant cites paragraph 38 of the complaint as insufficient, even if believed by a jury, to support an award of punitive damages. Defendant, however, completely ignores the preceding paragraphs of the complaint, namely those under a bold-centered headline titled "FACTS". These paragraphs, numbered 11 through 29, when read in conjunction with the rest of the complaint, certainly allege the required material facts to support a claim for punitive damages.

Here, at this early point in litigation, we cannot say as a matter of law that defendant's conduct, if proven as alleged in the complaint, was not reckless. *See McClellan v. Health Maint. Org. of Pa.*, 604 A.2d 1053, 1061 (Pa. Super. 1992) (explaining it would be premature to dismiss plaintiff's claim for punitive damages in medical malpractice action based on allegations contained in complaint), *appeal denied*, 616 A.2d 985 (Pa. 1992). Defendant has the opportunity to determine before trial whether the evidence which the Plaintiffs believe establishes reckless conduct is sufficient to submit the claim for punitive damages to the jury. *See Moran v. G. & W.H. Corson, Inc.*, 586 A.2d 416, 422, 422-425 (Pa. Super. 1991) (determining evidence of alleged outrageous conduct was insufficient to permit issue of punitive damages to jury). A jury could conceivably find that the defendant acted in reckless disregard for the safety of the decedent when the defendant or it's agents knowingly failed to provide the decedent with appropriate care. Furthermore, a jury could find that in allowing blame

to be pointed toward the decedent's family during the investigation into her condition, that the defendant acted in a willful, wanton, and outrageous manner. Therefore, it is premature, based upon the allegations contained in the complaint, to dismiss the basis for punitive damages. Defendant's preliminary objections are overruled.

## ORDER

And now, this 28th day of May, 2013, it is hereby ordered that the defendant's preliminary objections to plaintiff's complaint are overruled.