## Kish v. Bangia

152

C.P. of Monroe County, No. 2709 CIVIL 2013

*Gary S. Figore*, for plaintiff
*Thomas Gerolo*, for defendant

WILLIAMSON, *J.*, August 14, 2013—Plaintiff commenced this action by filing a complaint on April 3, 2013. On May 3, 2013, defendants filed preliminary objections to the complaint. On May 7, 2013, plaintiff filed an amended complaint. On May 13, 2013, defendants filed the instant preliminary objections to the amended complaint, in which they argue that plaintiff has failed to sufficiently plead facts which would entitle her to an assessment of punitive damages. Both parties filed briefs, and oral argument was heard on June 28, 2013. We are now ready to dispose of the preliminary objections.

This case is a wrongful death and survival action. Plaintiff alleges that defendants had been selling bath salts to decedent when they knew, or should have known, that he was making inappropriate use of the bath salts in a harmful way. On July 28, 2011, while allegedly high on bath salts purchased from defendants, decedent held family members hostage in his own home, set the home

on fire, and was subsequently shot and killed in a firefight with the Pennsylvania State Police.

## DISCUSSION

In ruling on preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinions." *Penn Title Ins. Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).

Defendants' preliminary objections ask this court to strike allegations of recklessness from the amended complaint and preclude her from seeking punitive damages. Defendants' preliminary objection is, in essence, a demurrer. Defendants argue that the words used in the complaint fail to support a claim of recklessness against them. A demurrer may be sustained only if it is clear on the face of the pleading that the law will not provide or permit the recovery sought. *Morgan v. McPhail*, 672 A.2d 1359 (Pa. Super. 1996). If there is any doubt, it should be resolved by overruling the demurrer. *Mellon Bank N.A. v. Fabinyi*, 650 A.2d 895 (Pa. Super. 1994).

The Pennsylvania Supreme Court, in *Tayar v. Camelback Ski Corp., Inc.*, 47 A.3d 1190 (2012), used the Restatement (Second) of Torts definition of "reckless disregard" and its explanation of the distinction between ordinary negligence and recklessness. The Restatement (Second) of Torts defines "reckless disregard" as follows:

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

*Id.* at 1200-1201, citing Restatement (Second) of Torts §500 (1965).

The amended complaint alleges that defendants are the owners and/or operators of a Sunoco Gas station and Unimart mini-market located in Gilbert, Pennsylvania. It is further alleged that defendants sold decedent bath salts, knowing that the substance was used in a manner not consistent with its intended use. Plaintiff alleges that defendants conspired to sell the substance with reckless disregard for decedent's health. It is alleged that on numerous occasions prior to decedent's death, decedent's family asked defendants to stop selling him bath salts.

In support of their preliminary objections, defendants cite *Phillips v. Cricket Lighters*, 883 A.2d 439 (Pa. 2005). In *Phillips*, a young child used a lighter to ignite a fire that caused his death and the death of several family members. Id. at 442. The Pennsylvania Supreme Court held that the defendants' conduct was not so outrageous as to support an award for punitive damages. *Id.* at 447. In reaching that conclusion, the *Phillips* court reasoned that even though Cricket Lighters knew the dangers posed by young children with lighters, and knew that their subsequent conscious

decision to not sell lighters with safety features could result in injury, there was not a showing of sufficiently reckless disregard or evil motive that could justify jury consideration of punitive damages. *Id.*

The facts in *Phillips* are analogous to the facts in the instant case. In both cases, the plaintiffs alleged that the defendants sold a product with knowledge that it was used illegally. Also in both cases, the defendants are alleged to have known that the product could be used in a manner that caused harm. Applying the Pennsylvania Supreme Court's reasoning in *Phillips* to the facts of this case, plaintiff's allegations do not show that defendants' actions were sufficiently reckless, or that defendants had an evil motive that could justify jury consideration of punitive damages. While a jury may find that defendants' actions were negligent, their actions do not, under *Phillips*, rise to the level of outrageousness that allows the assessment of punitive damages.

Plaintiff argues that *Phillips* was decided on an appeal from summary judgment, and is therefore irrelevant to the instant preliminary objections. We disagree. *Phillips* held that a set of facts was not sufficient to rise to a level of punitive damages. The facts alleged in this case, taken as true, are substantially similar to the facts in Phillips and therefore demand similar reasoning.

Finally, we must note the substantial policy concerns in allowing a consumer who buys a product sold legally for an intended use to claim punitive damages against the seller. Many products can be harmful when intentionally used in a different manner than intended. Punishing the

seller of those products outside the normal course of negligence damages is not in accord with the legal and policy principals of the Commonwealth of Pennsylvania. Furthermore, we do not see how the sale of a legal item, even with knowledge of a harmful use by the purchaser, can rise to a level of outrageous behavior as contemplated in assessing punitive damages when the seller has no way of knowing the certainty of the use or actions thereafter of the purchaser. Accordingly, defendants' preliminary objections are sustained. We issue the following order.

## ORDER

And now, this 14th day of August, 2013, it is hereby ordered that defendants' preliminary objections are hereby sustained. Plaintiff's request for punitive damages, as well as allegations of defendants' recklessness shall be stricken from the amended complaint.