# Doyle v. Doyle

C.P. of Northampton County, No. C-48-CV-2013-810

*James L. Pfeiffer*, for plaintiffs.
*Leticia J. Santiago*, for defendant.

BARATTA, *J.*, October 4, 2013—

## ORDER OF COURT

And now, this 4th day of October, 2013, upon consideration of the defendant, Andreas Emerick Dianna's, preliminary objections to the complaint and plaintiffs, Mark Doyle and Laura Doyle's, response thereto, it is hereby ordered that said preliminary objections are overruled.

## STATEMENT OF REASONS

### Facts and Procedural History

On January 23, 2011, the defendant, Andreas Emerick Dianna, and plaintiff Mark Doyle ("Mr. Doyle") were skiing at Blue Mountain Ski Area, Carbon County, Pennsylvania. According to the plaintiffs' complaint, Mr. Doyle stopped on a ski slope called "challenge" in an area known as "falls," which is allegedly an area highly congested with other skiers, to provide "aide and assistance to his son skiing with him." Complaint at ¶¶ 6-7. The defendant was allegedly skiing abnormally fast, out-of-control, recklessly, and became airborne, "not allowing him to slow down, stop, and/or avoid impact with the plaintiff, Mark Doyle." *Id.* at ¶¶ 8-9. As a result, Mr. Doyle allegedly suffered severe and disabling injuries.

On January 22, 2013, the plaintiffs filed a praecipe for a writ of summons. The defendant filed a rule to file complaint on June 7, 2013. On June 22, 2013, the plaintiffs filed their complaint. On August 27, 2013, the defendant filed preliminary objections to the plaintiffs' complaint, seeking to strike portions of the complaint pursuant to Pa.R.C.P. 1028(a)(3) and 1028(a)(4) in order to eliminate all references to "recklessness" and punitive damages against the defendant. The defendant attached

a supporting brief to these preliminary objections. On September 18, 2013, the plaintiffs filed an answer and new matter to the defendant's preliminary objections, and a supporting brief.

This matter was placed on the September 24, 2013 argument list for a determination based on the briefs.

### Legal Standard

In ruling on preliminary objections in the nature of a demurrer, the trial court may consider no testimony or evidence outside of the complaint. *Mellon Bank, N.A. v. Fabinyi*, 650 A.2d 895, 899 (Pa. Super. Ct. 1994) (citation omitted). In ruling upon a demurrer, we must accept as true all well-pleaded allegations and material facts averred in the complaint as well as all reasonable inferences deducible therefrom. *Wurth v. City of Phila.*, 584 A.2d 403, 407 (Pa. Commw. Ct. 1990) (citation omitted). However, when ruling on preliminary objections, although a court must accept as true all clearly-pled facts, there is no such requirement as to a pleader's legal conclusions or mere averments of law. *Santiago v. Pa. Nat'l Mut. Cas. Ins. Co.*, 613 A.2d 1235, 1238-39 (Pa. Super. Ct. 1992) (citations omitted).

In the face of a demurrer, a complaint should only be dismissed in cases that are free and clear from doubt. *Id.* at 1238. If any theory of law will support a claim, preliminary objections should not be sustained as any doubt should be resolved against the objecting party. *Foster v. Peat Marwick Main & Co.*, 587 A.2d 382, 384 (Pa. Commw. Ct. 1991); *Ambrose v. Cross Creek Condos.*, 602 A.2d 864, 869 (Pa. Super. Ct. 1992). In order to grant a demurrer, it must be certain from the face of the complaint that the claims will not support recovery under any legal theory.

*Mellon Bank*, 650 A.2d at 899; *Eckell v. Wilson*, 597 A.2d 696, 698 (Pa. Super. Ct. 1991), *appeal denied*, 607 A.2d 253 (Pa. 1992) (citations omitted).

## Discussion

Recklessness generally does not give rise to a separate tort, but rather is thought to be subsumed into negligence under the Restatement (Second) of Torts § 500. *See Archibald v. Kemble*, 971 A.2d 513, 518-19 (Pa. Super. Ct. 2009). In *Archibald*, our Superior Court found:

> Recklessness, or willfulness, or wantonness refers to a degree of care prosser describes as "aggravated negligence." Nevertheless, they apply to conduct which is still, at essence, negligent, rather than actually intended to do harm, but which is so far from a proper state of mind that it is to be treated in many respects as if it were so intended.

*Id.* at 519 (citing W. Page Keeton et al., Prosser and Keeton on Torts § 34 (5th ed. 1984)).

Pennsylvania Rule of Civil Procedure 1019(b) provides: "Malice, intent, knowledge, and other conditions of the mind may be averred generally." Pa.R.C.P. 1019(b). In *Archibald*, the Superior Court of Pennsylvania determined that wanton conduct may be averred generally. 971 A.2d at 519. Accordingly, "[b]ecause recklessness is also known as 'wanton and willful misconduct,' 'recklessness' is a condition of the mind that may be averred generally." *Id.*

Here, the defendant argues in his preliminary objections that the plaintiffs lacked specificity in their complaint with regard to their use of the words "reckless" and "recklessness." In Pennsylvania, recklessness is a condition of the mind that may be averred generally. *See Archibald,*

*supra*, at 519. We find these pleadings both sufficiently specific and legally sufficient under Rule 1028(a)(3) and 1028(a)(4) of the Pennsylvania Rules of Civil Procedure. As a result, the defendant's preliminary objection to the use of the words "reckless" and recklessness" must be overruled, and we decline to strike those words from the complaint.

With regard to whether the plaintiffs have established a cause of action for the assessment of punitive damages against the defendant, we will generally discuss the analysis for punitive damages in Pennsylvania. The function of punitive damages in Pennsylvania is to deter. *See Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1096 (Pa. 1985). Section 908(2) of the Restatement (Second) of Torts states: "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *See Chambers v. Montgomery*, 192 A.2d 355, 358 (Pa. 1963). The Pennsylvania Supreme Court embraced this guideline in *Feld v. Merriam*, and found that "punitive damages must be based on conduct which is malicious, wanton, reckless, willful, or oppressive." 485 A.2d 742, 747-48 (Pa. 1984).

In determining whether to impose punitive damages, a court should evaluate the state of mind of the actor. *Id.* at 748. Punitive damages "may not be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistake and errors of judgment." *McDaniel v. Merck, Sharp & Dohme*, 533 A.2d 436, 447 (Pa. Super. Ct. 1987). Instead, the outrageous conduct "must show the actor's evil motive or reckless indifference to the rights of others." *Hess v. Hess*, 580 A.2d 357 (Pa. Super. Ct. 1990). As a result, "in deciding whether punitive damages

should be assessed, the nature of the tortfeasor's act itself, together with his motive, the relationship between the parties and all other attendant circumstances should be taken into account." *Martin*, 494 A.2d at 1096.

In *Martin*, *supra*, a plurality opinion, the Pennsylvania Supreme Court analyzed Section 500 of the Restatement of Torts (Second) in determining which type of reckless conduct would justify the imposition of punitive damage. *See id.* at 1097:

> Comment *a* to Section 500 describes two distinct types of reckless conduct which represent very different mental states: (1) where the actor knows, or has reason to know...of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk; and (2) where the actor has such knowledge or reason to know of the facts, but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so.

*Id.*; *see also SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991).

This distinction is important in determining what facts justify punitive damages. *See Martin*, 494 A.2d at 1097. Because the first type of reckless conduct described in Section 500 "demonstrates a higher degree of culpability than the second on the continuum of mental states which range from specific intent to ordinary negligence," only the first type of reckless conduct described is sufficient to create a jury question on the issue of punitive damages under Pennsylvania law. *Id.* As a result, "an appreciation of

the risk is a necessary element of the mental state required for the imposition of [punitive] damages." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 772 (Pa. 2005).

In Pennsylvania, therefore, "[a] punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* (citing *Martin, supra,* at 1097-98); *see also Daniel v. Wyeth Pharm., Inc.*, 15 A.3d 909 (Pa. Super. Ct. 2011). Moreover, punitive damages "are not justified where the defendant's mental state rises to no more than gross negligence." *SHV Coal, Inc.*, 587 A.2d at 705.

In *Hughes v. Seven Springs Farm, Inc.*, the Supreme Court of Pennsylvania held that the plaintiff skier had assumed the risk of skiing when she was injured while moving toward the ski lift at the bottom of the ski slope. 762 A.2d 339, 345. The court found that "the risk of colliding with another skier is one of the common, frequent and expected risks inherent in downhill skiing." *Id.* at 344. The court also referred to the Skier's Responsibility Code, which was promulgated by the National Ski Area Association, in determining whether the plaintiff skier had assumed the risk. *Id.* at 345.

In the instant case, the plaintiffs have averred facts in their complaint that, if true, are sufficient to justify the imposition of punitive damages. The plaintiffs allege that the defendant knew he was skiing in an area that "is generally highly congested...with other skiers." Complaint at ¶ 3. The plaintiffs further aver that the defendant was (a) skiing at an abnormally high rate of speed, (b) jumping and/

or becoming airborne "rendering himself completely out-of-control and unable to change his course of direction," and (c) that he knew that he would not be able to stop in an emergency situation due to the conditions of the area. *Id.* at ¶ 9.

These allegations suggest that the defendant knew, or should have known, of facts that create an abnormally high degree of risk of physical harm to others. *See Martin, supra,* at 1097-98. Further, knowledge of the National Ski Patrol's Responsibility Code arguably increases the degree of appreciation of the risks involved. *See Hughes, supra,* at 345; *see also* complaint at ¶ 9(h). As these alleged facts demonstrate a higher degree of culpability for recklessness, they are sufficient to create a question of fact as to punitive damages under Pennsylvania law. We decline to strike references to punitive damages against the defendant in the complaint, as we find the plaintiffs' pleadings both sufficiently specific and legally sufficient.

Therefore, the defendant's preliminary objections are hereby overruled.