601 A.2d 412

**Richard E. KAUFMAN, Executor of the Estate of Dorothy L. Kaufman, deceased, Appellant,**

v.

**CENTRAL SUSQUEHANNA INTERMEDIATE UNIT #16, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1991.

Decided Dec. 12, 1991.

Jack C. Younkin, for appellant.

John E. Person, III, for appellee.

Before PALLADINO and McGINLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Richard E. Kaufman (Kaufman) appeals the order of the Court of Common Pleas of Northumberland County, dated December 26, 1990, which sustained the Preliminary Objections of the defendant Central Susquehanna Intermediate Unit No. 16 (Intermediate Unit).

Kaufman filed suit against the Intermediate Unit on March 22, 1990. Kaufman's complaint averred that he is the widower and the executor of the estate of Dorothy L. Kaufman (Decedent) who was killed on April 26, 1988 as the result of a head-on collision between the car which Decedent was driving and a school bus. The school bus was owned by one William Showers (Showers) and was leased by the Intermediate Unit from Showers.[1] Kaufman made a claim against Showers and his insurance carrier; Kaufman accepted $300,000, the limit of Showers' motor vehicle liability policy, in settlement of his claim. Kaufman subsequently obtained a professionally prepared Actuarial and Economic Report which reported that the value of the claims for Decedent's death under the wrongful death and survival statutes was at least $631,233. Kaufman alleged that the Intermediate Unit had a duty to require that Showers carried an adequate policy of motor vehicle liability insurance and was negligent in setting the amount of motor

1. The Intermediate Unit did not own any buses. It entered into a contract with Showers to provide transportation for school pupils within its area.

vehicle liability insurance coverage as set forth in the contract between the Intermediate Unit and Showers.[2] Kaufman further alleged that the Intermediate Unit's failure to require Showers to carry adequate insurance is the cause of Kaufman's inability to secure fair compensation for Decedent's death.

On August 6, 1990, the Intermediate Unit filed Preliminary Objections in the Nature of a Demurrer. Argument was held before the trial court. By opinion and order filed December 26, 1990, the trial court sustained the Intermediate Unit's Preliminary Objections and dismissed the complaint.

Kaufman sets forth the following questions for our review: (1) Does Kaufman have a cause of action under 22 Pa.Code § 23.4 for the Intermediate Unit's failure to require its bus carrier to obtain adequate insurance; (2) Is an intermediate unit subject to 22 Pa.Code § 23.4; and (3) Is there a causal connection between the damages Kaufman avers and the acts or omissions of the Intermediate Unit?

■ When reviewing a trial court order sustaining a preliminary objection in the nature of a demurrer, we are limited to determining whether the trial court abused its discretion or committed an error of law. *Rok v. Flaherty,* 106 Pa.Commonwealth Ct. 570, 527 A.2d 211 (1987), *allocatur denied,* 517 Pa. 628, 538 A.2d 880 (1988).

■ Kaufman argues that the Intermediate Unit knew or should have known that an accident involving a school bus of the size of that which was involved in the subject accident could result in personal injuries which would greatly exceed the $300,000 limit, and that the Intermediate

2. Paragraph 5 of the subject contract provided:
Prior to the effective date of this contract, the BOARD shall have evidence that a public liability insurance policy covering all vehicles to be used by the CONTRACTOR in carrying out this contract, containing no exclusions applicable to the type of transportation which is the subject of this contract, and providing coverage in the amount of $500,000 bodily injury per occurrence, $250,000 bodily injury per person and $100,000 property damage liability or $400,000 single limit shall be in effect for the duration of the contract.

Unit's failure to require the bus owner to carry more insurance has caused injury to Kaufman by preventing him from being adequately compensated for the death of his wife.

22 Pa.Code § 23.4 provides:

§ 23.4 *Responsibility of the district board of school directors.*

The board of directors of a school district is responsible for all aspects of pupil transportation programs, including the following:

. . . . .

(8) Assuring that vehicles used in transporting pupils have adequate public liability insurance coverage.

The Intermediate Unit counters that the subject regulation is not a statute and that even if it were a statute, Kaufman has no cause of action for the alleged violation of it. The Intermediate Unit further argues that even if the regulation in question could be interpreted as creating a private cause of action, the regulation applies only to school districts and not to intermediate units.

■ Intermediate units are bodies created by the legislature, as are school districts. *See* 24 P.S. §§ 9–951 to 9–974. A school district has only such powers and authority as are granted to it by the legislature. *Petition of Granat,* 139 Pa.Commonwealth Ct. 376, 590 A.2d 849 (1991). It follows that an intermediate unit, a legislatively created entity, also has only such powers and authority as are granted to it by the legislature. The legislature has established that each school district and intermediate unit shall have, *inter alia,* a board of directors and has set forth the powers and duties of each. Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101 to 25–2596. The regulation upon which Kaufman relies, 22 Pa.Code § 23.4, explicitly states that, "[t]he board of directors *of a school district* is responsible . . ." (emphasis added). The regulation does not apply to intermediate units.

Accordingly, we affirm the trial court's order sustaining the Intermediate Unit's Preliminary Objections in the Nature of a Demurrer.

## ORDER

AND NOW, this 12th day of December, 1991, the order of the Court of Common Pleas of Northumberland County, dated December 26, 1990, is affirmed.