**PENN TITLE INSURANCE COMPANY, Appellant,**

v.

**Dennis DESHLER, Recorder of Deeds of Monroe County.**

Commonwealth Court of Pennsylvania.

Argued May 11, 1995.

Decided June 29, 1995.

---

John C. Prevoznik, for appellant.

Gerald J. Geiger, for appellee.

Before COLINS, President Judge, and SMITH, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

This is an appeal by Penn Title Insurance Company (Penn Title) from two orders of the Court of Common Pleas of Monroe County (trial court). The first order was entered on August 22, 1994 which sustained the preliminary objections by Dennis Deshler, Recorder of Deeds of Monroe County (Recorder), and dismissed Penn Title's action for declaratory judgment.[1] The second order entered November 3, 1994, affirmed the August 22, 1994 order following reconsideration thereof.

On March 31, 1994, Penn Title filed the within civil action against the Recorder seeking recovery of $110,500.00 as a result of the alleged negligent conduct of the Recorder in failing to properly index a mortgage given by Robert and Mary Flynn (collectively, "Flynn") to Regency Consumer Discount (Regency). On May 2, 1994, the Recorder filed a preliminary objection raising the legal sufficiency of the complaint, pursuant to Pa. R.C.P. No. 1028(a)(4),[2] asserting that Penn Title failed to state a cause of action against the Recorder in negligence and setting forth nine reasons therefor.[3]

■ Initially, we note that when ruling on preliminary objections this court considers as true all well-pleaded facts which are material and relevant. *Erie County League of Women Voters v. Department of Environmental Resources, Bureau of State Parks,* 106 Pa.Commonwealth Ct. 369, 525 A.2d 1290 (1987). Specifically, a preliminary objection in the nature of a demurrer is deemed to

1. Although the complaint of Penn Title is labeled Civil Action For Declaratory Judgment, it is, from all of the allegations contained in the body of the complaint, a simple negligence action and is thus a "Civil Action—Trespass", and we treat it accordingly, as did the parties and the trial court subsequent to the filing of the complaint. See Pa.R.C.P. No. 1001(b).

2. Pa.R.C.P. No. 1028(a)(4) provides as follows: (a) preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

. . . .
(4) legal insufficiency of a pleading (demurrer). . . .

3. Recorder's preliminary objections were not endorsed with a notice to plead; thus, pursuant to Pa.R.C.P. No. 1029(d), they are deemed to be denied. Therefore, we do not consider Penn Title's answer to the Recorder's preliminary objections which Penn Title filed on May 31, 1994.

admit all well-pleaded facts and all inferences reasonably deduced therefrom. *Commonwealth by Preate v. Events International, Inc.,* 137 Pa.Commonwealth Ct. 271, 585 A.2d 1146 (1991). In determining whether to sustain a demurrer, the court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Commonwealth of Pennsylvania, Department of Public Welfare v. Portnoy,* 129 Pa.Commonwealth Ct. 469, 566 A.2d 336, *appeal granted,* 525 Pa. 648, 581 A.2d 574 (1990). A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Gaster v. Nether Providence,* 124 Pa.Commonwealth Ct. 595, 556 A.2d 947 (1989).

The operative facts alleged in Penn Title's complaint are as follows. The Flynns were the owners of two separate parcels of property. The one parcel of property is described in the deed by which Flynn acquired title as Lot No. 8, Block R, located in Coolbaugh Township. Paragraph 3 of Complaint. Throughout the Complaint, Penn Title refers to Lot 8 as being one of the parcels of property of the Regency–Flynn mortgage; Lot 8 is the property with the address of 221 Winona Road, Mt. Pocono, County of Monroe, State of Pennsylvania. Exhibit A to Complaint. The other parcel is described as Lot 104, Block __, in Tobyhanna Township, in the deed by which Flynn acquired title thereto. Paragraph 4 of Complaint. Both parcels of property are identified as being in Monroe County. Exhibit B to Complaint.

On January 12, 1990, Flynn gave to Regency a mortgage to secure a loan in the amount of $212,085.17. The property given as security for the loan was Lot 104 and 221 Winona Road. On January 17, 1994, the Regency–Flynn mortgage was recorded in the Recorder's office in Record Book volume 1719, page 1253. The mortgage, as recorded, described the mortgaged property as follows:

For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in Rt.

940 Lot 104 & 221 Winona Rd. Mt. Pocono County, Pennsylvania:

Part A)—Lot 104 Block–Section B being situate and located in Tobyhanna Township Monroe County, Pennsylvania and encompassed and included within the following plat; a subdivision plat drawn by Leo A. Achterman, Jr. P.E. of East Stroudsburg, Pennsylvania HCR–1148 Route 940; Pocono Summit, PA 18346–0438.

Part B) 221 Winona Road, Mt. Pocono County of Monroe State of PA

Exhibit C to Complaint.

The mortgage index to the Regency–Flynn mortgage in the Recorder's office lists both Regency and Flynn as the parties, but lists only Lot 104 as being affected by the mortgage; the index also listed the volume and page number in which the Regency–Flynn mortgage was recorded.

On August 24, 1990, as security for a loan of $110,500.00, Flynn gave to Citicorp Mortgage, Inc. (Citicorp) a mortgage on Lot 8, located at Coolbaugh Township, with an address of 221 Winona Road, Mt. Pocono, PA 18344. Exhibit D to Complaint. The Citicorp–Flynn mortgage was recorded in Mortgage Book Volume 1749, page 1603. Prior to the closing on the mortgage, Flynn employed Fidelity Home Abstract, Inc. (Fidelity) to obtain title insurance, insuring that the Citicorp mortgage would be a first lien on Lot 8. Fidelity employed Consumer's Land Abstract, Inc. (CLA) to perform the search of the Flynn title to Lot 8. The search performed by CLA failed to disclose the Regency–Flynn mortgage on Lot 8. Based on the CLA search, Fidelity issued a Penn Title insurance binder and Penn Title subsequently issued a policy of insurance to Citicorp insuring the mortgage loan of Citicorp to Flynn on Lot 8.

In June of 1993, the Flynns were in default on the Citicorp–Flynn mortgage loan at which time Citicorp learned of the Regency–Flynn mortgage on Lot 8 being a first lien thereon[4] and demanded payment[5] of the Penn Title policy in the full amount thereof.

---

4. Penn Title does not allege specifically that it paid to Citicorp the full amount of its title insurance policy but does allege in paragraph 24 of its complaint as follows: "The loss of $110,500.00 is

the direct and sole result of the negligence of the Recorder of Deeds."

5. Regency foreclosed on both Lots 8 and 104 and a sheriff sale was scheduled for March 31, 1994.

Following briefs and oral argument, the trial court, by order dated August 22, 1994, sustained the Recorder's preliminary objections and dismissed the complaint of Penn Title. In an opinion filed with its August 22, 1994 order, the trial court wrote:

Plaintiff then commenced this action contending that the reason that the title search which it conducted to ensure the lien priority of Citicorp's mortgage failed to disclose the Regency mortgage was that "the Recorder of Deeds negligently indexed the Regency mortgage in that he failed to indicate in the index that both Lots 8 and 104 were encumbered by the Regency mortgage." [Plaintiff's Complaint, Paragraph 11.] The basis for Plaintiff's action is that the Recorder of Deeds, statutorily bound to record and index every deed and mortgage filed, misindexed the Regency mortgage by describing in the index the location of the property as "Tobyhanna" only and omitting any reference to Coolbaugh Township. According to Plaintiff, where a mortgage encumbers two properties, one in Tobyhanna Township, the other in Coolbaugh Township, the Recorder's duty is to index the property with a location designated as "Monroe County."

In order to prevail on its asserted claim of negligence, Plaintiff must establish a duty on the part of the Recorder to index properties by location. Our review of the applicable statute, 16 P.S. § 9851 et seq., reveals no such duty.

Regarding indexing, the statute provides as follows:

§ 9851. Direct and ad sectum [sic] indexes; location of property

In addition to the indexes which the recorder of deeds in each county of this commonwealth is required to keep, the said recorder shall carefully and accurately prepare and keep in his office two general indexes of all deeds recorded therein, in one of which, to be known as the direct index, he shall enter in their order the name of the grantor, the name of the grantee, the volume and page wherein the deed is recorded, and in the other, to be known as the ad sectum [sic] index, he shall enter in their order the name of the grantee, the name of the grantor, the volume and page wherein the deed is recorded. He shall in like manner also prepare and keep two general indexes, one direct and the other ad sectum [sic], of all mortgages recorded in his office. *In counties of the second class*, he shall hereafter enter in both said indexes of deeds and in both the indexes of mortgages, the date of recording and the name of the city or borough or township and the number of the ward thereof, if any, in which the property affected is stated in the recorded instrument to be located, and the primary as well as the permanent indexes shall contain the foregoing entries as to date of recording and locality of each property affected: Provided, That where an instrument affects property in more than one ward, city, borough, town or township and the space on the index is insufficient to permit the writing of the locality of each property affected, the name of the county alone shall be full compliance with this act. Said indexes shall be arranged alphabetically and in such a way as to afford an easy and ready reference to said deeds and mortgages respectively, and shall be written in a plain and legible hand: Provided however, That in any county where such indexes have already been prepared and in use, or where any special law relating to any of said indexes is now in force, they shall be adopted and kept as if made in pursuance of this act. Nothing herein contained shall prohibit the recorder of deeds from combining the general indexes for deeds with the general indexes for mortgages into one general index. (emphasis added.)

16 P.S. § 9851. All information necessary to comply with § 9851 is contained within the index at issue. Since Monroe is not a county of the second class, the Recorder is not bound to include a property description in the index.

R.R. 37a–39a.

On August 30, 1994, Penn Title filed a motion for reconsideration alleging the following:

4. The Court held that: "Since Monroe is not a county of the second class, the recorder is not bound to include a property description in the index". (August 22, 1994 opinion, page 7).

5. The Court, therefore, reasoned that if no duty exists, then no negligence action could be sustained for breach of duty.

6. Defendant did not raise this ground in its preliminary objections nor did defendant brief or argue the Court's rational.

7. The Court's opinion is legally wrong inasmuch as it does not give plain effect to the entire statute relied upon.

8. Specifically, the Court does not consider the effect, that the provision:

"... Provided, however, that in any county where such indexes have already been prepared and in use, or where any special law relating to any of said indexes is now in force, they shall be adopted and kept as if made in pursuance of this act."

16 P.S. § 9851

has on the Recorder's duty to perform tasks nonnegligently [sic] and according to the statute.

9. In paragraph 8 of its complaint, plaintiff has alleged that: "The Monroe County Recorder's Office has historically indexed mortgages by both name and location of the mortgaged real estate. This has been the practice since the creation of this county." (See also paragraph 21 of plaintiff's complaint).

10. The clear mandate of 16 P.S. § 9851 is that if the indexes have been prepared including the location information, they must be done properly and in accordance with the applicable recording statutes.

11. Defendant's failure to index as required by statute renders him negligent and therefore allowing damages pursuant to 16 P.S. § 9852.

R.R. 42a–45a.

The trial court, by order dated August 30, 1994, vacated its order of August 22, 1994 and granted Penn Title's request for reconsideration. Following briefs and argument, the trial court, by order dated November 3, 1994, affirmed its order of August 22, 1994.

In affirming its order of August 22, 1994, the trial court wrote:

Plaintiff contends that this Court overlooked a sentence in the recording statute, 16 P.S. Section 9851, which controls the outcome of this case. The sentence reads as follows: "Provided, however, that in any county where such indexes have already been prepared and in use, or where any special law relating to any of said indexes is now in force, they shall be adopted and kept as if made in pursuance of this act." The Recorder of Deeds of Monroe County provides a "Description" in the index, although not statutorily bound to do so by Section 9851. According to Plaintiff, since the Recorder has undertaken this task, he must prepare the index, including a description, in a complete and accurate manner. Plaintiff contends that the Recorder negligently indexed the Regency mortgage document in this case and, therefore, Plaintiff has stated a cause of action upon which relief may be granted.

We disagree with Plaintiff's position for several reasons. First, the indexing which is the subject of this action is consistent with Section 9851 requirements. The index headings give the names of the mortgagee and mortgagor, the date of the mortgage, the precise location of the mortgage document by volume and page number and a description which is "not warranted".

Second, the Recorder obtains the location of the property for purposes of indexing directly from the mortgage document. Assuming that the Recorder has undertaken the task of indexing a description of the property, the requirement for indexing is "the name of the city or borough or township and the number of the ward thereof, if any, in which the property affected is stated in the recorded instrument to be located...." 16 P.S. Section 9851. The mort-

gage at issue contains the following description:

Part A)–lot 104 Block–Section B being situate and located in *Tobyhanna Township*, Monroe County, Pennsylvania, and encompassed and included within the following plat; [plat designation omitted] [emphasis added]

Part B)–221 Winona Road, Mt. Pocono, County of Monroe, State of Pennsylvania.

[Regency Mortgage, Plaintiff's Complaint Exhibit C.] "Tobyhanna" is the designated description in the index. The Recorder indexed the property as stated in the mortgage. Coolbaugh Township, wherein 21 Winona Road is situate, is not mentioned in the recorded instrument.

Under the circumstances presented, to find negligence on the part of the Recorder would be tantamount to imposing upon that office the hardship of interpreting each recorded instrument where a city, borough or township is not delineated....

R.R. 51a–52a.

█ In its appeal here, Penn Title raises only one issue which is stated in its Statement of Questions Involved, as follows:

Did the trial court err in holding that Deshler neither owed nor violated any recording duty when it is clear that a duty is imposed by both statute and conduct and equally clear that Deshler breached that duty by improperly indexing the Regency to Flynn mortgage?

Appellant's brief at p. 3.

Penn Title contends that, pursuant to the statute, Deshler was obligated to index "all properties by mortgagor, mortgagee, deed book volume and location of property" because it was statutorily required and was "historically" done by the recorder of deeds in Monroe County. Paragraph 21 of Complaint. By virtue of the second proviso in Section 9851 indicating "in any county where such indexes have already been prepared and in use, or where any special law relating to any of said indexes is now in force, they shall be adopted and kept as if made in pursuance of this act". Penn Title would have this court construe this second proviso to require

Monroe County in perpetuity to include location of the property in deed and mortgage indexes. Upon review of Section 9851, we find no support for Penn Title's assertion.

In construing this statute, we turn to the applicable rules of statutory construction which provide guidance in ascertaining and effectuating the legislative intent of this particular statute in question. Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921; *Unionville–Chadds Ford School District v. Rotteveel*, 87 Pa.Commonwealth Ct. 334, 487 A.2d 109 (1985). The rules of statutory construction reveal that the practical results of a particular interpretation may be considered, and we must presume that the legislature did not intend a result which is absurd or unreasonable. 1 Pa.C.S. §§ 1921–22; *Lehigh Valley Cooperative Farmers v. Bureau of Employment Security*, 498 Pa. 521, 447 A.2d 948 (1982); *Unionville–Chadds Ford.*

█ When, as herein, a deed or mortgage instrument is presented to the Recorder of Deeds (ROD) for recordation, it is not the function of the ROD to review the instrument to determine what information is set forth therein or what is missing. Rather, it is the function of the ROD to record the instrument as the parties have prepared and executed them. Having received a deed or mortgage for recordation, the ROD is required by 16 P.S. § 9851, except in second class counties, to index the instrument under the name of each party thereto and the volume and page wherein the instrument is recorded. There is nothing in said statute which, in other than second class counties, requires the ROD to set forth the location of the property described in the deed or mortgage. For the ROD, other than one of a second class county, to be required by construction of 16 P.S. § 9851 to ascertain the location of the property in a deed or mortgage, where the deed or mortgage does not identify the location therein and to enter such location in the deed and/or mortgage index would be unreasonable, impractical, and inconsistent with the plain language of 16 P.S. § 9851.

We construe Section 9851 to require three (3) elements in the recording of deeds and mortgages by a ROD. These requirements are 1) name of the grantor, 2) name of the grantee, and 3) volume and page of the recorded instrument. Section 9851 imposes more stringent requirements, regarding date of recording and locality of each property, upon counties of the second class; these further requirements do not apply to Monroe County.[6] Rather than the burdensome interpretation Penn Title would have us adopt, we further construe the second proviso as meaning that whatever the indexing practice of the ROD was in indexing deeds or mortgages prior to the 1875 enactment of the statute will be accepted as in compliance with the statute.[7] It does not mean that such prior practice was to continue, otherwise the initial provision of the statute would be meaningless.

Consistent with our standard of review,[8] and upon our review of the record, we find that the trial court neither abused its discretion nor committed an error of law. Accordingly, we affirm the trial court.

## ORDER

AND NOW, this 29th day of June, 1995, the order of the Court of Common Pleas of Monroe County dated November 3, 1994 is affirmed.

6. Counties of this Commonwealth are divided into nine classes for purposes of legislation and regulation of their affairs according to their respective populations. See 16 P.S. § 210 of the County Code. As noted in The Pennsylvania Manual, Vol. 111, December 1993, Section 6. pp. 10–11, Allegheny County is presently the only second class county in the Commonwealth of Pennsylvania and Monroe County was a sixth class county at the time of recordation of the mortgages herein. Monroe County became a fifth class county on January 1, 1992 following the 1990 census. See 16 P.S. § 211.

7. Section 9851 was enacted in 1875 and subsequently revised in 1947 and 1980.

8. Where the trial court has sustained preliminary objections and dismissed the complaint, we are limited to determining whether the trial court abused its discretion or committed an error of law. *Smith and McMaster, P.C. v. Newtown Borough,* 149 Pa.Commonwealth Ct. 356, 613 A.2d 129 (1992); *Kaufman v. Central Susquehanna Intermediate Unit 16,* 144 Pa.Commonwealth Ct. 163, 601 A.2d 412 (1991).