## Platukis v. Pocono Segway Tours LLC

C.P. of Monroe County, No. 6941 CV 2012.

*Daniel J. McCarthy,* for plaintiffs
*John M. Solt,* for defendants

ZULICK, *J.,* April 8, 2013—On August 19, 2010, Alison and Jude Platukis (together "plaintiffs") took part in a Segway tour provided by Pocono Segway Tours LLC ("Pocono Segway") in exchange for a fee. The "tour guide" was Dante Mariano ("Mariano"). While driving her Segway, Mrs. Platukis was involved in a collision. Plaintiffs alleged that Mariano crashed his Segway into the one operated by Mrs. Platukis. Further, plaintiffs alleged that Mariano was using a cellular phone at the time of the collision, and was operating the Segway at an excessive rate of speed. Plaintiffs filed suit against both Mariano and Pocono Segway, alleging negligence on behalf of Mariano, seeking vicarious liability against Pocono Segway, punitive damages against both defendants, and loss of consortium damages for Mr. Platukis.

Defendants filed preliminary objections, seeking to strike the prayer for punitive damages from the complaint with prejudice. The parties filed briefs and argued their positions on April 1, 2013.

## DISCUSSION

Defendants' preliminary objections to the request

for punitive damages are in the nature of a demurrer. In considering preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deductible therefrom, must be accepted as true." Wurth by *Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Penn Title Insurance Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).

> Punitive damages are an 'extreme remedy' available only in the most exceptional circumstances.

> Additionally, punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others.

*Phillips v. Cricket Lighters*, 584 Pa. 179, 188 (2005) (internal citations omitted). "The trial judge must determine in the first instance whether the plaintiff has presented sufficient evidence to support a punitive damage claim, which requires evidence on which the jury might reasonably conclude that outrageous conduct has been established by a preponderance of the evidence." *Rizzo v. Michener*, 584 A.2d 973, 979 (Pa. Super. 1990).

As plaintiffs have not alleged Mariano to have an evil motive, they must show that Mariano actions were outrageous and that outrageous behavior was due to

Mariano's reckless behavior.

> A defendant acts recklessly when his conduct creates an unreasonable risk of physical harm to another and such risk is substantially greater than that which is necessary to make his conduct negligent. Thus, a showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed.

*Phillips*, 584 Pa., at 188 (internal citations omitted).

Taken in the light most favorable to plaintiffs, the following occurred. The Segway driven by Mariano collided with that driven by Ms. Platukis. Mariano was distracted as he was using his cell phone at the time of the collision, and was driving at excessive speeds given the conditions. Plaintiffs had never before used a Segway, and Mariano was aware of that. Plaintiffs were not given adequate safety equipment.

Even if true, these facts would not give rise to punitive damages. "When assessing the propriety of the imposition of punitive damages, the state of mind of the actor is vital; the act, or the failure to act, must be intentional, reckless or malicious." *Hutchinson ex. rel. Hutchinson v. Luddy*, 582 Pa. 114, 122 (2005) (citations omitted). The amended complaint does not speak at all to Mariano's state of mind, beyond superficial allegations that Mariano acted in a reckless manner. Mariano's alleged actions are not substantially riskier than would be necessary to show that his conduct was negligent. While using a cellular phone while operating a motor vehicle is undoubtedly risky,

that alone still does not give rise to the state of mind necessary to find Mariano acted recklessly. Therefore, a jury could not reasonably find that Mariano' behavior and actions were outrageous by a preponderance of the evidence. Accordingly, defendants' preliminary objection is granted.

## ORDER

And now, this 8th day of April, 2013, upon consideration of defendants' preliminary objection, plaintiffs' response, and the argument by both parties, it is ordered that defendants' preliminary objection is granted. Plaintiffs' request for punitive damages is stricken without prejudice. Defendants are directed to file an answer to the complaint within twenty (20) days.