# Todd Heller, Inc. v. The Cardinal Group

C.P. of Northampton County, No. C-48-CV-2011-238

*Saleem Mawji*, for plaintiffs.
*Patricia A. Fecile Moreland*, for defendant.

KOURY, *J.*, October 3, 2013—

## OPINION OF THE COURT

This matter is before the court on the preliminary objections of defendant The Cardinal Group a/k/a Stericycle, Inc. ("Cardinal") to the complaint filed by plaintiff Todd Heller, Inc. ("THI"). The matter was assigned to the Honorable Michael J. Koury, Jr. from the September 3, 2013 argument list. The parties submitted briefs and presented oral argument. The matter is now ready for disposition.

## BACKGROUND

### I. THI's Complaint

THI is the former owner and operator of a recycling facility located at 799 Smith Lane in the Borough of Northampton, Northampton County, Pennsylvania (the "Property"). *See* complaint ¶3, *Todd Heller, Inc. v. The Cardinal Group, a/k/a Stericycle, Inc.*, C-48-CV-2011-238 (C.P. Northampton Co. Apr. 29, 2013) ("compl."). Cardinal is a provider of environmental assessment services. *See*

compl., ex. A.[1]

On January 12, 2007, in anticipation of a proposed sale of the Property, THI entered into an agreement with Cardinal (the "agreement") providing that Cardinal would perform an assessment of the property for the purpose of assisting in the evaluation of legal and financial liabilities associated with the property. *See* compl. ¶¶4, 7, ex. B, at 9, 56. The scope of the work Cardinal was to perform included a review of certain records of the Northeast Regional Office of the Pennsylvania Department of Environmental Protection ("DEP"). *See* compl. ¶8, Ex. B at 25, 56.

Following Cardinal's investigation, including its review of the specified DEP records, Cardinal prepared a report dated January 31, 2007 (the "report"). *See* compl. ¶6, ex. B. In the report, Cardinal concluded that the Property "had no liabilities and no recognized environmental conditions." Compl. ¶11, ex. B, at 7. In September 2007, relying in part on the report, THI sold the property to Greenstar, LLC and Greenstar Allentown, LLC f/k/a Penn Acquisition Sub, LLC (collectively, "Greenstar"). *See* compl. ¶11.

After the sale, Greenstar met with DEP to discuss the removal of mixed broken glass ("MBG") from the property and arranged to review DEP's files relating to the property. *See* compl. ¶¶12, 14. In its review of DEP's files, Greenstar discovered a July 22, 2003 letter from DEP to

---

1. Stericycle, Inc. acquired The Cardinal Group, Inc. after the events described in the complaint. *See* memorandum of law in support of defendant, Stericycle, Inc.'s preliminary objections to plaintiff's complaint, *Todd Heller, Inc. v. The Cardinal Group, a/k/a Stericycle, Inc.*, C-48-CV-2011-238 (C.P. Northampton Co. June 7, 2013) at 1 n.1 ("def. br.").

THI (the "July 22, 2003 Letter") setting forth concerns about the presence of MBG on the property, referencing prior DEP site visits, and requesting certain information. *See* compl. ¶15, ex. C. Cardinal had not referenced the July 22, 2003 letter in its report. *See* compl. ¶15.

After Greenstar remediated the environmental issues on the property, Greenstar brought an action against THI in the United States District Court for the District of Delaware alleging that THI had (1) failed to disclose the July 22, 2003 letter prior to the sale of the property; and (2) made fraudulent misrepresentations concerning the property's environmental condition, compliance with applicable laws and regulations, and potential liabilities. *See* compl. ¶¶19-20. Greenstar obtained a money judgment against THI for its expenses of remediation, costs, and attorneys' fees. *See* compl. ¶21 (citing *Greenstar, LLC v. Heller, Inc.*, No. 10-746-SLR (D. Del. Mar. 28, 2013)).

In the instant action, THI alleges that (1) Cardinal's scope of work under the agreement required it to review and disclose all relevant DEP records; (2) Cardinal knew that it had been retained in part to assist in the evaluation of legal and financial liabilities associated with the Property; (3) Cardinal breached the agreement by failing to disclose the July 22, 2003 letter in the report; and (4) as a result of Cardinal's breach, THI suffered damages, including the amounts it was ordered to pay to Greenstar and the expenses and attorneys' fees THI incurred in defending Greenstar's action. *See* compl. ¶¶22-29. THI asserts claims against Cardinal for breach of contract (count I), breach of the duty of good faith and fair dealing (count II), and breach of fiduciary duty (count III). *See* compl. ¶¶30-52.

In support of each of its claims, THI asserts the same conduct, i.e., Cardinal's failure to identify and comment upon the July 22, 2003 letter in the report. *See* compl. ¶¶33, 40, 49. In support of its claim for breach of contract, THI alleges: "Cardinal failed to perform in a workmanlike manner by failing to identify and discuss the July 22, 2003 DEP correspondence to Todd Heller, which specifically addresses a DEP regulation." Compl. ¶33. In support of its claim for breach of the duty of good faith and fair dealing, THI alleges: "Cardinal failed to identify and comment upon DEP correspondence regarding a known DEP regulation." Compl. ¶40. In support of its claim for breach of fiduciary duty, THI alleges: "Cardinal failed to identify and comment upon DEP correspondence concerning a DEP regulation in its Assessment, which has exposed THI to numerous financial liabilities." Compl. ¶49.

II. Cardinal's Preliminary Objections

Cardinal filed preliminary objections, in the nature of demurrers, asserting that (1) count II for breach of the duty of good faith and fair dealing and count III for breach of fiduciary duty should be dismissed for legal insufficiency under Pa.R.C.P. 1028(a)(4), because those claims sound in contract rather than tort and are therefore barred under the "gist of the action" doctrine; (2) count II should be dismissed for legal insufficiency under Pa.R.C.P. 1028(a)(4), because Pennsylvania does not recognize a cause of action for breach of the duty of good faith and fair dealing distinct from a cause of action for breach of contract; and (3) count III should be dismissed for legal insufficiency under Pa.R.C.P. 1028(a)(4), because the complaint fails to allege facts from which it could be inferred that Cardinal owed a fiduciary duty to THI or that Cardinal's

alleged violation of any such duty was the proximate cause of THI's injuries. *See* defendant, Stericycle, Inc.'s preliminary objections to plaintiff's complaint ¶¶28-68, *Todd Heller, Inc. v. The Cardinal Group, a/k/a Stericycle, Inc.*, No. C-48-CV-2013-238 (C.P. Northampton Co. June 7, 2013) ("Prel. Obj.").

## DISCUSSION

I. Legal Standards Applicable to Demurrer

Cardinal's preliminary objections are brought under Pa.R.C.P. 1028(a). Rule 1028(a) provides:

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

....

(4) legal insufficiency of a pleading (demurrer).

....

Pa.R.C.P. 1028(a).

"For the purpose of evaluating the legal sufficiency of the challenged pleading, the court must accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible therefrom." *Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008). We need not, however, accept argument, opinion, conclusions of law, or unwarranted inferences. *See Penn Title Ins. Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Commw. 1995).

"The court may sustain preliminary objections only when, based on the facts pleaded, it is clear and free from doubt that the complainant will be unable to prove facts

legally sufficient to establish a right to relief." *Mazur*, 961 A.2d at 101; *accord In re B.L.J., Jr.*, 938 A.2d 1068, 1071 (Pa. Super. 2007); *Kane v. State Farm Fire & Cas. Co.*, 841 A.2d 1038, 1041 (Pa. Super. 2004). If any doubts exist as to the sufficiency of the complaint, we must examine those doubts in the context of the complaint as a whole and resolve any lingering doubt in favor of overruling the demurrer. *See Kane*, 841 A.2d at 1041; *Rachlin v. Edmison*, 813 A.2d 862, 870 (Pa. Super. 2002).

II. Cardinal's Demurrers Based on the Gist of the Action Doctrine

A. The Gist of the Action Doctrine

The gist of the action doctrine precludes plaintiffs from recasting ordinary breach of contract claims as tort claims and thereby potentially obtaining types of relief not permitted for breach of contract. *See Hart v. Arnold*, 884 A.2d 316, 339 (Pa. Super. 2005); *Pittsburgh Constr. Co. v. Griffith*, 834 A.2d 572, 581 (Pa. Super. 2003), *appeal denied*, 852 A.2d 313 (Pa. 2004); *Koken v. Steinberg*, 825 A.2d 723, 729 (Pa. Commw.), *appeal quashed*, 834 A.2d 1103 (Pa. 2003).

> When a plaintiff alleges that the defendant committed a tort in the course of carrying out a contractual agreement, Pennsylvania courts examine the claim and determine whether the 'gist' or gravamen of it sounds in contract or tort; a tort claim is maintainable only if the contract is "collateral" to conduct that is primarily tortious.

*Pennsylvania Mfrs. Ass'n Ins. Co. v. L.B. Smith, Inc.*, 831 A.2d 1178, 1182 (Pa. Super. 2003) (quoting *Yocca v.*

*Pittsburgh Steelers Sports, Inc.*, 806 A.2d 936, 944 (Pa. Commw. 2002)). "Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." *eToll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002); *accord Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 719 (Pa. Super. 2005). The Superior Court has stated:

> To be construed as in tort..., the wrong ascribed to defendant must be the gist of the action, the contract being collateral. The important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus. In other words, a claim should be limited to a contract claim when the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts.

*eToll*, 831 A.2d at 14; *accord The Brickman Group, Ltd. v. CGU Ins. Co.*, 865 A.2d 918, 927 (Pa. Super. 2004). Thus, the gist of the action doctrine bars tort claims:

> (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of the contract.

*eToll*, 811 A.2d at 19 (citations and quotations omitted). Whether the gist of the action doctrine applies is an issue

of law for the court. *See id.* at 15.

## B. THI's Claims for Breach of Fiduciary Duty and Breach of the Implied Covenant of Good Faith and Fair Dealing

"A breach of fiduciary duty claim is barred by the gist of the action doctrine if the fiduciary duty alleged is grounded in contract obligations." *Alpart v. General Land Partners, Inc.*, 574 F. Supp. 2d 491, 499 (E.D. Pa. 2008).[2] "However, claims for breach of fiduciary duty and breach of contract can coexist if the fiduciary duty is based on duties imposed as a matter of social policy *and* if the fiduciary duty is not based on a contractual agreement between the parties." *Id.* (emphasis added); *accord Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 103-07 (3d Cir. 2001).

In *Alpart*, the limited partners in a real estate development partnership sued the general partner for various acts of alleged misconduct. *See* 574 F. Supp. 2d at 500. The Court held that in addition to its contractual duties under the partnership agreement, the general partner owed its limited partners a fiduciary duty of trust, fairness, honesty, and good faith imposed as a matter of social policy. *See id.* Some of the alleged misconduct, for example, that the general partner had sold partnership properties without first establishing their fair market value, as required by the partnership agreement, violated the express terms of the parties' contract. *See id.* Other alleged misconduct, for example, that the general partner had acted for its personal

2. Although this court is not bound by federal court opinions interpreting Pennsylvania law, we may consider federal cases as persuasive authority. *See Cambria-Stoltz Enter. v. TNT Invs.*, 747 A.2d 947, 952 (Pa. Super. 2000).

gain to the detriment of the limited partners by scheduling the general partner's own development projects ahead of the partnership's projects, did not violate any express terms of the partnership agreement but arguably violated the general partner's fiduciary duty to the limited partners. *See id.* The court held that (1) claims for alleged wrongs that were covered by the partnership agreement must be brought as breach of contract claims, and any claims for breach of fiduciary duty based on such conduct were barred by the gist of the action doctrine; but (2) claims for alleged wrongs that were not covered by the partnership agreement were not barred by the gist of the action doctrine and therefore could be separately maintained as claims for breach of fiduciary duty. *See id.*

Similarly, in *Bohler*, the minority partner in a joint venture sued the majority partner for breach of the joint venture agreement, misappropriation of trade secrets, and breach of fiduciary duty. *See* 247 F.3d at 103-07. The court held that in addition to its contractual duties under the joint venture agreement, the majority partner owed the minority partner a fiduciary duty of utmost good faith imposed by social policy. *See id.* The court held that the joint venture agreement did not expressly cover the majority partner's theft of trade secrets, self-dealing transactions, and diversion of corporate opportunities to the detriment of the minority partners and that the gist of the action doctrine therefore did not bar the minority partner's claims for misappropriation and breach of fiduciary duty for those alleged wrongs. *See id.* However, because the joint venture agreement did expressly cover the use of one particular type of trade secret, the court held that the "gist" of any claim for misuse of that type of trade secret

was contractual and that any claim for misappropriation of that type of trade secret would be barred by the gist of the action doctrine. *See id.*

Here, THI's claims for breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing are all based on the same alleged wrong, *i.e.*, Cardinal's failure to identify and comment upon the July 22, 2003 letter in the report. *See* compl. ¶¶33 (count I), 40 (count II), 49 (count III). In its complaint, THI acknowledges that this alleged wrong was expressly covered by the agreement. *See* compl. ¶8 ("The scope of Cardinal's work included a review of files stored at the Northeast Regional Office of the Pennsylvania Department of Environmental Protection ("DEP")); *accord id.*, ex. B, at 25, 56. Thus, under the authorities cited above, THI's claim based on this alleged wrong must be brought as a claim for breach of contract, and its claims for breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing based on the same conduct are barred by the gist of the action doctrine. Accordingly, Cardinal's demurrers based on the gist of the action doctrine must be sustained.

III. Cardinal's Demurrers Based on Failure to State a Claim

Cardinal asserts that (1) THI's claim for breach of the duty of good faith and fair dealing (count II) should be dismissed for legal insufficiency under Pa.R.C.P. 1028(a)(4), because Pennsylvania does not recognize a cause of action for breach of the duty of good faith and fair dealing distinct from a cause of action for breach of contract; and (2) THI's claim for breach of fiduciary duty should be

dismissed for legal insufficiency under Pa.R.C.P. 1028(a)(4), because THI and Cardinal were parties to an arm's length commercial contract, and THI has failed to allege facts from which it could be inferred that Cardinal owed a fiduciary duty to THI or that Cardinal's alleged violation of any such duty was the proximate cause of THI's injuries. *See* prel. obj. ¶¶40-68.

The court need not decide whether THI has sufficiently stated claims for breach of the duty of good faith and fair dealing and breach of fiduciary duty, because, as discussed above, even if THI has sufficiently stated claims under those legal theories, the wrong alleged in the complaint in support of those claims was a violation of the contract, and those claims are therefore barred by the gist of the action doctrine. Accordingly, Cardinal's preliminary objections, in the nature of demurrers, that THI's claims for breach of the duty of good faith and fair dealing and breach of fiduciary duty are insufficient for failure to state a claim, are moot.

Wherefore, we enter the following:

### ORDER OF COURT

And now, this 3rd day of October, 2013, upon consideration of the preliminary objections of defendant The Cardinal Group a/k/a Stericycle, Inc. ("Cardinal") to the complaint filed by plaintiff Todd Heller, Inc. ("THI") and upon consideration of the parties' briefs and argument thereon, it is hereby ordered and decreed that:

1. Cardinal's preliminary objection, in the nature of a demurrer, seeking to dismiss THI's claim for breach of the duty of good faith and fair dealing on the ground

that it is barred by the gist of the action doctrine is sustained.

2. Cardinal's preliminary objection, in the nature of a demurrer, seeking to dismiss THI's claim for breach of fiduciary duty on the ground that it is barred by the gist of the action doctrine is sustained.

3. Cardinal's preliminary objection, in the nature of a demurrer, on the ground that THI failed to state a claim for breach of the duty of good faith and fair dealing is denied as moot.

4. Cardinal's preliminary objection, in the nature of a demurrer, on the ground that THI failed to state a claim for breach of fiduciary duty is denied as moot.