WILLIAMSON, J.,
This matter comes before us on preliminary objections filed by Tine Kepner (hereafter “defendant”) to the amended complaint filed by Franklin Kepner, Jr. (hereafter “plaintiff’). Plaintiff *185 filed the amended complaint on October 23, 2014. On November 12, 2012, defendant filed preliminary objections to the amended complaint. On December 30, 2014, defendant filed a brief in support of preliminary objections to plaintiff’s amended complaint. On January 15, plaintiff filed a brief opposing defendant’s preliminary objections to plaintiff’s amended complaint. On January 16,2015, plaintiff filed preliminary objections in response to defendant’s preliminary objections.
BACKGROUND
On August 25, 2014, plaintiff filed the underlying complaint against defendant alleging claims of intentional misrepresentation as to a Verizon phone bill, and a breach of contract to transfer land to a third party. The amended complaint continues to allege intentional misrepresentation/ fraud and breach of contract in a land sale. Plaintiff and defendant were formerly husband and wife. A divorce decree was entered and marital assets and liabilities were previously divided by the Columbia County Court of Common Pleas in 2008. Franklin E. Kepner, Jr. v. Tine Kepner a/k/a Anne Kepner, 339 CV 2008. Plaintiff has appealed that ruling to the Superior Court of Pennsylvania and that appeal is currently pending.
In October, 2013, plaintiff was allegedly contacted by an individual from diversified adjustment services stating that plaintiff had an overdue bill with Verizon and that the bill, totaling $129.46, was for services utilized at plaintiff and defendant’s previous marital residence in Berwick, PA. Plaintiff believes that defendant put this bill in plaintiff’s name even though plaintiff did not use any of the services *186 and he had vacated the marital residence over four years earlier. Plaintiff is allegedly attempting to obtain a copy of the bill, but he has not been able to do so at this time. He states the bill was sent to defendant on March 10, 2012; that the bill was not paid by the defendant; that the bill was placed in his name; and that harm has been caused to his credit. Plaintiff seeks $2,500 in unspecified damages and $50,000 in punitive damages. Defendant states that these allegations are argumentative and unsupported by evidence and requests the claim be dismissed.
Plaintiff also alleges that plaintiff and defendant owned real estate together in Berwick, PA and that they had agreed to sell the land to a mutual friend by the name of Wade Perry in August 2011. Plaintiff states that based on this representation, Mr. Perry had the property subdivided. Defendant then allegedly refused to follow through with the agreement to sell until May 2013. As a result of this delay, the plaintiff alleges he was no longer able to represent Mr. Perry in the transaction. Plaintiff alleges the defendant finally agreed to sell the real estate and they closed the deal on May 20, 2013. Plaintiff alleges that, as a result of defendant’s actions, he lost legal fees in the amount of $2,500. Plaintiff also seeks $50,000 in punitive damages. Defendant states that these allegations are also argumentative and unsupported by evidence and requests the claim be dismissed.
DISCUSSION
The first issue this court will address is defendant’s preliminary objection that plaintiff has failed to state a sufficient legal claim in their amended complaint for *187 the claims of intentional misrepresentation and breach of contract against defendant. Preliminary objections in the nature of a demurrer test “the legal sufficiency of the complaint.” Haun v. Community Health Systems, Inc., 14 A. 3d 120, 123 (Pa. Super. 2011). Moreover, “preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.” Id. Finally, “if any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.” Id.
In ruling on preliminary objections, “all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true.” Wurth by Wurth v. City of Philadelphia, 584 A. 2d 403, 407 (Pa. Cmwlth. 1990). The “court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinions.” Penn Title Ins. Co. v. Deshler, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).
Plaintiff’s first claim in the amended complaint is that defendant allegedly placed a Verizon bill in plaintiff’s name and that this action was intentional and fraudulent. Averments of fraud or mistake shall be averred with particularity. Pa. R.C.P. No. 1019. Malice, intent, knowledge, and other conditions of mind may be averred generally. Id. The elements of intentional misrepresentation are as follows: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; *188 (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance. Bortz v. Noon, 556 Pa. 489, 499, 729 A.2d 555, 560 (1999).
Here, plaintiff has failed to state any facts supporting the claim that the defendant made an intentional misrepresentation. Even if all of the allegations from plaintiff’s amended complaint regarding the phone call about the Verizon bill are assumed to be true, there is insufficient evidence alleged to establish the required elements of intentional misrepresentation/fraud. Plaintiff has failed to state any specific representation made by the defendant which would be sufficient to sustain an allegation of fraud. Plaintiff has cited no specific representation made by the defendant, other than he (plaintiff) determined the bill was placed in his name by the defendant without his consent. There are no specific allegations of a representation made to Verizon, intent of the defendant, or reliance by Verizon on any representation. Plaintiff’s allegation that he received a phone call from an individual who stated that there is an overdue Verizon bill from plaintiff and defendant’s previous marital residence is not sufficient to support a claim of fraud against the defendant. Plaintiff has expressed opinions and inferences unsupported by the allegations set forth in the amended complaint. On the facts alleged, the plaintiff cannot sustain an action for intentional misrepresentation/fraud.
Plaintiff’s second claim in the amended complaint is against defendant for breach of contract to sell real property. The necessary material facts that must be alleged *189 for such an action are: (1) there was a contract; (2) the defendant breached the contract; and (3) plaintiffs suffered damages from the breach. McShea v. City of Philadelphia, 606 Pa. 88, 97, 995 A.2d 334, 340 (2010). Plaintiff alleges that he and defendant agreed to sell land that they owned to Wade Perry. Plaintiff cites exhibits which he attached to the amended complaint to show that there was a breach of a contract to sell real property on the part of the defendant. Exhibit C is an e-mail allegedly from plaintiff’s and defendant’s realtor to Wade Perry in which the realtor states that she has “spoken with both Frank and Tina, and you are definitely moving forward. Congratulations, and thanks for your patience.” (PI. amend, compl. Ex. C.). That e-mail, even if assumed to be true, is not sufficient evidence to establish a contract between plaintiff and defendant. Exhibit D is allegedly an agreement of sale for the property, but it is not signed by any of the parties. (PL amend, compl. Ex. D). Exhibit E is the deed which was recorded when the property was eventually sold and does not provide any evidence as to a breach of contract. (PL amend, compl. Ex. E.). None of these exhibits proffered by plaintiff establish a contract, a breach of said contract, or damages suffered from such a breach.[1]
The only other allegations that plaintiff and defendant had an agreement with each other to sell the land to Wade Perry for $14,000 on August 31, 2011 is plaintiff’s own allegation that defendant was originally agreeable with him to sell the land to Perry (para. 26 and 27). In other words, plaintiff is really claiming that he had an oral agreement *190 with the defendant to sell the land they co-owned to Mr. Perry. Even taking this allegation as true, the plaintiff fails to set forth grounds for breach of contract. First, plaintiff and defendant eventually sold the property to Mr. Perry in May 2013. There was no allegation that the sale was for less than the amount “originally” agreed to by plaintiff and defendant. There was no allegation the parties incurred any additional expenses as a result of the delay. There was no allegation that the sale was for different terms than the parties “originally” agreed. There was no allegation of when the parties agreed to close on the sale in their “original” agreement. Interestingly, plaintiff has alleged that an agreement of sale was not prepared and sent to defendant until February 2012, and that Mr. Perry had to gain subdivision approval. These are both items that can cause delay in a real estate sale as well. Based upon these alleged facts, plaintiff fails to show any alleged breach, and his claim fails.
Even if there was a contract and a breach, the plaintiff has failed to set forth damages. The plaintiff states the defendant’s actions caused plaintiff to no longer be able to represent Mr. Perry in the very transaction plaintiff and defendant were allegedly engaged in with Mr. Perry.[2] However, there is no allegation of plaintiff having an agreement in writing or otherwise with Mr. Perry for representation, or the terms of that representation. There is no allegation Mr. Perry intended to hire plaintiff and, but for defendant’s actions of breaching an agreement, Mr. Perry chose alternate representation. Plaintiff merely *191 asserts that Mr. Perry decided to hire someone else, costing Mr. Perry the loss of a $2,500 fee on a $14,000 land sale transaction. The amount of the alleged fee was speculative and the allegation of actual representation of Mr. Perry was speculative. Plaintiff’s claim lacks specific information showing he suffered actual damages.
Thus, defendant’s preliminary objections based on legal insufficiency to the intentional misrepresentation and breach of contract claims alleged in plaintiff’s amended complaint are granted. Since defendant’s preliminary objections to both claims based on legal insufficiency are granted, this court does not need to address the other preliminary objections proffered by defendant at this time.
ORDER
And now, this 5th day of February, 2015, upon consideration of the preliminaiy objections by defendant, TinaKepner, to plaintiff’s amended complaint, defendant’s preliminary objections based on legal insufficiency are granted. The amended complaint is dismissed.

. We note there can be no claim for breach of contract as between the parties and Mr. Perry because land sale contracts, to be binding, generally must be in writing.

. It is apparent from plaintiff s allegations that at the very least, a conflict of interest existed which prevented his representation.