**Walters v. Buck Hill Falls Co.**

C.P. of Monroe County, No. 1970 CIVIL 2015

*Scott R. Steirer*, for plaintiffs.
*George W. Westervelt, Jr.*, for defendant.

WILLIAMSON, *J.*, June 8, 2015—This matter comes before us on Preliminary Objections filed by Buck Hill Falls Company (hereafter "Defendant") in response to the Complaint filed by Michael J. Walters, et al. (hereafter "Plaintiffs").

## Background

Plaintiffs in this case are some of the present and former owners of record of developed lots in the community of Buck Hill Falls, Pennsylvania. Defendant is the owner of the common areas in the community. The Lot and Cottage Owners' Association (LCOA) of Buck Hill Falls is a unit owners' association which represents the owners of individual lots in the community. In 1995, the LCOA filed a Declaratory Judgment action against Defendant and entered into a settlement agreement prior to any disposition on June 8, 1996. Plaintiffs allege that, instead of making the required apportionment of community service costs to developed and undeveloped lots pursuant to the 1996 agreement, Defendant has charged all of such costs to individual owners of developed lots only. Plaintiffs also allege other violations of the 1996 agreement.

Defendant and the LCOA entered into another agreement on June 8, 2004 which restated the 1996 agreement and increased dues. Plaintiffs allege that the LCOA board of directors entered into this agreement without an affirmative vote of LCOA members. Thus, Plaintiffs also seek to enforce the terms of the 1996 agreement and deem the 2004 agreement invalid. Plaintiffs have calculated the excess amount of dues they have been charged since the agreement in 1996 and request that amount in money damages.

## Argument

"Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint." *Haun v. Community Health Systems, Inc.*, 14 A.3d 120, 123 (Pa. Super. 2011). Moreover, "preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Id.* Finally, "if any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections," *Id.*

In ruling on preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinions." *Perm Title Ins. Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).

Defendant's first preliminary objection is a motion

for a more specific complaint. Defendant argues that, in violation of Pa.R.C.P. 1019(f), Plaintiffs have not attached the "various sets of covenants" they reference in the Complaint; and that, in violation of Pa.R.C.P. 1019(f), Plaintiffs have failed to aver how any action of Defendant violated these referenced covenants. Plaintiffs acknowledge that, in the Complaint, they reference that "various sets of covenants" regulate the lot owners in the community. However, Plaintiffs argue that the Complaint makes clear that the cause of action in this matter is Defendant's breach of the agreed upon procedure and standards for calculating dues as clarified by the 1996 agreement and the overcharges that resulted from Defendant's breach.

"When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing." Pa.R.C.P. No. 1019(0- "Averments of time, place and items of special damage shall be specifically stated." Pa.R.C.P. No. 1019(f). Allegations will withstand a challenge under Pa.R.C.P. 1019 if they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover, and they are sufficiently specific so as to enable the defendant to prepare their defense, *Lerner v. Lerner*, 954 A.2d 1229, 1236 (2008).

Here, Plaintiffs' claim is based upon a breach of the 1996 agreement. While Plaintiffs state in their Complaint that the 1996 agreement clarifies the "various sets of covenants" which regulate the lot owners in the Buck Hill Falls community, the covenants themselves do not appear necessary for Defendant to prepare a defense

against Plaintiffs' claim. Plaintiffs' claim is not based on the referenced covenants, but rather enforcement of the 1996 agreement and alleged invalidation of the 2004 agreement and the actions of the Defendant as a result of the 2004 agreement. We are uncertain whether Defendant will allege the various sets of covenants apply in some manner; however, Plaintiffs have not alleged that they apply. Therefore, it is not necessary for Plaintiffs to attach the "various sets of covenants" regulating the lot owners in the community to their Complaint.

Defendant's second preliminary objection is that Plaintiffs' Complaint failed to join a necessary party pursuant to Pa.R.C.P. 1028(a)(5). Defendant argues that Plaintiffs continually reference the LCOA and that the LCOA is a necessary party for a resolution of Plaintiffs' claims. Defendant also argues that non-plaintiff owners of lots in the community are necessary parties for resolution of Plaintiffs' claims.

In their respective briefs, both parties discuss a case from the Court of Common Pleas of Pennsylvania, Lackawanna County. In *Murray v. Haggerty*, the court held that a necessary party, pursuant to Pa.R.C.P. 1028(a)(5), is one "whose presence, while not indispensable, is essential if the court is to resolve completely a controversy and to render complete relief." *Murray v. Haggerty*, No. 06 CV 2292, 2006 WL 5534079 (C.P. Lackawanna County). In that case, the court reasoned that the party was a necessary party to the proceedings by stating:

"Unless [the party] is joined as a necessary party to this proceeding, the prospect of duplicative litigation and inefficient use of limited judicial resources will exist.

The interests of the litigants and the courts will best be served if [the party] is joined as a party in this action so that a single, definitive adjudication can be made."

*Id.*

Here, Plaintiffs argue that the LCOA is not a necessary party because Plaintiffs have not alleged that the LCOA breached any agreement or miscalculated dues owed by lot owners. However, the LCOA is a party to the 1996 agreement which Plaintiffs seek to enforce. LCOA is also a party to the 2004 agreement which Plaintiffs state is invalid because the LCOA board entered into the agreement without an affirmative vote of LCOA members. The Complaint also states in paragraphs 21 and 22 that pursuant to the 1996 agreement, the Defendant was to consult with the LCOA and seek advice on the costs of services and the level of annual dues. The Complaint goes on to allege the Defendant increased dues and failed to apportion them properly and that it was done, in part, under the 2004 agreement which Plaintiffs allege is invalid. These facts necessitate that the LCOA be joined as a party to these proceedings in order to efficiently utilize judicial resources and prevent duplicative litigation.

Defendant further argues that the non-plaintiff owners of developed and undeveloped lots in the community are necessary parties because of the financial impact these proceedings may have on them. However, at this point in the proceedings, any future litigation of non-plaintiff lot owners based on negative financial impact from this case is speculative and they are not necessary parties at this time. Furthermore, Plaintiffs are alleging a violation of the 1996 agreement, which both parties appear to admit is an agreement that is, or at least was, approved by all lot owners. Whether or not the 2004 agreement is binding is

disputed by the parties, but the asserted issue is whether or not actions of the LCOA in entering into the agreements operated to bind all owners. The next question then becomes what is required or allowed by those agreements.

Defendant's third preliminary objection is that Plaintiffs' Complaint failed to conform to law or rule of court in violation of Pa.R.C.P. 1019(i). Defendant argues that Plaintiffs failed to attach either the 1996 agreement or 2004 agreement to their complaint, both of which were referenced in Plaintiffs' Complaint.

As this court discussed above, when a claim is based upon a writing, the pleader shall attach a copy of the writing. Here, Plaintiffs' claim relies on enforcement of the 1996 agreement and invalidation of the 2004 agreement. Plaintiffs' claim is thus based on both the 1996 agreement and 2004 agreement. Therefore, Plaintiffs must attach both of these referenced agreements to an amended complaint.

## ORDER

AND NOW, this 8th day of June, 2015, upon consideration of the Preliminary Objections filed by Defendant, it is ORDERED AND DECREED as follows:

1. Defendant's first preliminary objection is OVERRULED. Plaintiffs need not attach the "various sets of covenants" to their Complaint.

2. Defendant's second preliminary objection is OVERRULED in part as Plaintiffs are not required to join non-plaintiff lot owners as necessary parties to this claim at this time.

3. Defendant's second preliminary objection is SUSTAINED in part as Plaintiffs are required to join the LCOA as a necessary party to this claim.

4. Defendant's third preliminary objection is SUSTAINED as Plaintiffs failed to attach the 1996 agreement and 2004 agreement to their Complaint.

5. Plaintiff shall file an Amended Complaint within twenty (20) days of the date of this Order.